THE SCREVEN HOSE COMPANY OF SAVANNAH, plaintiff in error, *vs.* THOMAS N. PHILPOT *et al.*, defendants in error.

A company incorporated for the purpose of keeping a hose carriage and hose, with which to extinguish fires, cannot recover damages for the breach of a contract on the part of the owners of a steamboat, in failing to furnish said boat to convey said company and its friends on an excursion of pleasure and profit. The contract was beyond the objects contemplated in its charter.

Corporations. *Ultra vires.* Contracts. Before Judge CHISHOLM. City Court of Savannah. July Term, 1874.

For the facts of this case, see the decision.

R. R. RICHARDS; J. V. RYALS, by A. B. SMITH, for plaintiff in error.

RUFUS E. LESTER, by J. R. SAUSSY, for defendants.

WARNER, Chief Justice.

The plaintiff sued the defendants for a breach of contract, alleging that the defendants, in consideration of the sum of $125 00, to be paid by plaintiff on demand, contracted and agreed with plaintiff to furnish for the use and convenience of plaintiff a certain steamboat, Rosa, the property of defendants, for one day, to-wit: the 29th July, 1873, for the purpose of an excursion to Bluffton, South Carolina, by the officers and members of plaintiff's corporation, and friends; that defendants wilfully and maliciously refused to perform said contract, to the great damage of the plaintiff. The defendants pleaded that the plaintiff had no legal power or authority, under its charter, to make such a contract as that set forth in its declaration, and the court so charged the jury, whereupon the plain-

tiff excepted. The only question in the case is whether the plaintiff had the power and authority under its act of incorporation to make the contract alleged in its declaration. The petition for, and the act of incorporation, is as follows:

"STATE OF GEORGIA—CHATHAM COUNTY.

" *To the Honorable the Judge of the Superior Court of Chatham County:*

"The petition of Isaac Russell and others, respectfully showeth that your petitioners, in connection with other parties, have entered into an association under the name of 'The Screven Hose Company of Savannah, Georgia,' and that the object of their association is to keep on hand a suitable hose carriage and hose in the city of Savannah, county of Chatham, and state of Georgia, and with said hose carriage and hose, and their personal exertions, to assist in the extinguishment of fires in said city of Savannah, and in the protection of the property of their fellow-citizens; and that under the provisions of the charter applied for in this petition, no capital stock is required to be paid in, the incorporation proposing not to act upon capital stock, but only for the purposes first aforesaid. And your petitioners pray that they, with the other members of their association, may, for the purpose aforesaid, be incorporated by the name and style of 'The Screven Hose Company of Savannah, Georgia,' for the space of twenty years, with the privileges incident to corporations created by courts, as provided by the statutes of the state, and your petitioners will ever pray, etc.

"Filed May 5th, 1870."

"SUPERIOR COURT OF CHATHAM COUNTY,
"May Term, 1874.

"STATE OF GEORGIA—CHATHAM COUNTY:

"On reading the foregoing petition, the court being satisfied that the application is legitimately within the purview and intention of the statutes of the state of Georgia in that behalf made and provided, and that the terms of the law have been complied with: It is ordered that the said application be granted, and that the petitioners, with the other members of

the association and their successors, be, and they are hereby incorporated and made a body corporate and politic, by the name and style of 'The Screven Hose Company of Savannah, Georgia,' for and during the term of twenty years, with the privilege of renewal at the expiration of that time, according to the provisions of the laws of Georgia. And it is further ordered that the said corporation shall have power to make and pass such constitution, by laws, rules and regulations for the management of the affairs and business of the company, which may be deemed needful, as may be framed and adopted by the officers and members of the same, not inconsistent with law. And further, to exercise all corporate powers and privileges incident to corporations created by courts, as provided by law. And it is further ordered that a certified copy of this petition and order, under the seal of the court, be furnished by the clerk of the court to the petitioners.

(Signed)                     "WILLIAM SCHLEY,
                    " *Judge Superior Court Eastern Circuit.*
"Savannah, June 6th, 1874."

The contract set forth in the record was not necessary or legitimate for the purpose of carrying into effect any of the objects contemplated in the charter of the company. The object and purpose of the grant in the act of incorporation was to enable the company to keep on hand a suitable hose carriage and hose in the city of Savannah, to assist in the extinguishment of fires therein for the protection of property. The contract with the defendants for a steamboat to make an excursion to Bluffton, South Carolina, by the officers and members of the corporation, and their friends, had nothing to do with the management of the affairs and business of the company as contemplated by its charter, that we can discover. If the individual members of the company with whom the contract was made by the defendants, had sued them for a breach thereof in their individual capacity, we will not say they could not have recovered damages.

Let the judgment of the court below be affirmed.