KANSAS CITY to the use of D. D. DRAKE, Respondent, v. R. S. SUMMERWELL *et al.*, Appellants.

Kansas City Court of Appeals, May 14, 1894.

1. **Justices' Courts:** TAX BILL: JURISDICTION. A justice has no jurisdiction of an action to enforce a tax bill lien for the expenses of a sewer under any general provision of the statute.

Kansas City to use v. Summerwell.

2. ———: KANSAS CITY CHARTER: JURISDICTION: TAX BILL. Section 18, article 9, Kansas City Charter of 1889, does not confine the jurisdiction of justices of the peace to special tax bill issued by the board of public works, but the terms are general and include any special tax bills without regard to whether issued under the old charter or the new.

3. **Construction**: JURISDICTION: DOUBTS. New jurisdiction and remedies are not to be extended beyond the fair import of the grant; nor are they to be unduly confined; and doubts are to be solved in favor of the tribunal exercising jurisdiction.

4. **Justices' Courts**: JURISDICTION: KANSAS CITY CHARTER OF 1889: OLD RIGHTS: NEW REMEDIES. Section 10, article 17, of the present charter declares no more than that rights, liens and liabilities subsisting under the old charter shall not be affected by the new, and that actions and proceedings had after the new took effect were to be subject to its provisions as far as applicable. It does not inhibit one having a right or lien existing under the old charter from availing himself of the remedy that would be afforded him had that right or lien accrued under the new.

5. ———: DEFINITIONS. In the new charter the words "and such action," imply that the rights, liens and liabilities referred to are such as had accrued before its taking effect; and the words, "and such action or proceeding, etc.," refer to and include only such actions and proceedings as had been commenced previous to its adoption.

6. ———: KANSAS CITY CHARTER: STATUTE. The above construction is fortified by the provisions of the statute relating to the adoption of special charters, section 1847, Revised Statutes, 1889, which clearly indicates the intention to save the old procedure in cases pending at the time the new charter may go into effect.

7. ———: ———: JURISDICTION: TAX BILLS: REMEDY. Jurisdiction is expressly conferred on justices of the peace by section 18, article 9, of the charter of 1889, over the subject-matter of tax bills when the amount does not exceed $250, for expenses of a sewer, which were issued under the charter of 1875; section 10, article 17, of said charter does not expressly or by necessary implication preclude the exercise of such jurisdiction in such actions as shall be commenced since its adoption. The city had the power to change the remedy so long as it did not impair a vested right.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Jas. C. Reiger* for appellants.

(1) There is no general statutory law in this state conferring upon justices of the peace jurisdiction over actions to enforce liens against real estate, except mechanics' liens. *Pleasant Hill v. Dasher*, 25 S. W. Rep. 566. (2) At first sight it might appear that jurisdiction was conferred by section 18, article 19 of the new charter, which was adopted in 1889, but such is not a fact, because that section refers only to special tax bills issued by the board of public works, under the new charter. Upon comparing the new charter with the old charter, it will clearly appear that the manner of issuing the bills, matter of interest, registry of bills, notice of suit, manner of bringing suit, and other requirements, are essentially different from provisions applicable to sewer tax bills issued under the old charter. Under the new charter suits are instituted in the name of the holder of the bill; under the old charter in the name of the city to the use of the holder, as in the case at bar. Here the plaintiff institutes his action under the old charter, then refers to the new one as his guide. (3) Outside of the questions of the applicability of said section 18, to the tax bill sued upon herein, we urge that section 10, article 17 of the new charter positively and directly provides that no change is made by the new charter affecting the remedy given in the old charter. We, therefore, respectfully insist that the justice of the peace had no jurisdiction, and defendants' motion to quash should have been sustained; and ask that the judgment of said circuit court, overruling said motion, be reversed.

*Walter A. Powell* for respondent.

(1) The charter of 1889 conferred jurisdiction upon justice of the peace to enforce such special tax bill.

Charter of 1889, art. 9, sec. 18, p. 90.   The language
of the above section does not limit the manner of bring-
ing suits to bills issued after the charter of 1889 went
into effect, but it stands broad enough to cover any suit
on any bill—"suits on special tax bills."   The charter
of 1889 constitutes the entire organic law of the city,
and supersedes all laws affecting Kansas City, and all
contracts, obligations or liabilities created under the
charter of 1875 are still preserved intact, but the method
of enforcing these rights is changed.   *State ex rel. v.
Field*, 99 Mo. 352.   A new remedy may always be
created.   It is only when an amendment impairs a con-
tract that it would be invalid, but the remedy or pro-
ceedings necessary to its enforcement may always be
changed.   *State v. Hager*, 91 Mo. 456; *Wellshear v.
Kelley*, 69 Mo. 354; *State v. Herman*, 7 Mo. App. 426;
*Henschel v. Smith*, 50 Mo. 454; *State v. Johnson*, 81
Mo. 60; *State v. Hamilton*, 94 Mo. 644.   A subsequent
act conferring a direct grant of power must prevail over
a prior act refusing such power.   *City of St. Louis v.
Life Association*, 53 Mo. 466.   (2) Section 10, article
17, of the charter of 1889, is intended to preserve all
property rights and liabilities, and when an action had
been instituted prior to the adoption of the charter of
1889, rights, liens and liabilities would, as a matter of
course, accrue, and this section 10 was intended to
preserve such rights, liens and liabilities, and such
should continue and be enforced after the adoption in
the same manner as instituted.   That this is the inter-
pretation of this section is evidenced by the following
part of the section, viz.:   "and such action or proceed-
ing shall be carried on in all respects as if this charter
had not taken effect."   Due weight must be given to
the words "and such action," and it is these words
that show us what "rights, liens and liabilities" are
meant, viz.:   Such as have accrued, become established

or subsist under suits and actions already begun when the charter of 1889 was adopted.

SMITH, P. J.—This is a suit which was brought before a justice of the peace of Kaw township, in Jackson county, on a tax bill amounting to $1 issued under the charter of Kansas City of 1875, for the construction of a sewer. A judgment was rendered by the justice and a transcript of the same was filed in the office of the clerk of the circuit court and an execution was issued thereon.

The defendants filed a motion in the circuit court of said county to quash said execution for the reason that the justice of the peace had no jurisdiction to render the judgment on which the same issued. The motion was overruled and from the judgment of the court in overruling the same, defendants have appealed.

We shall not stop to inquire whether jurisdiction is conferred on the justice in a case where the amount of the tax bill is less than $300 under the provisions of section 4, article 8, and section 2 of article 9 of the charter of 1875, for the reason that it is impliedly conceded in the briefs and argument of counsel that the justice had no such jurisdiction under the provisions of that charter. A justice has no jurisdiction of an action to enforce a tax bill lien for the expense of a sewer under any general provision of the statute. *Pleasant Hill v. Dasher*, 25 S. W. Rep. 566.

The question which we are obliged to decide is whether section 18, article 9, of the charter of 1889, conferred the requisite jurisdiction on the justice. This section provides that, "when the amount due on any tax bill shall not exceed $250, suit may be brought thereon in the circuit court of Jackson county, or may be brought thereon before the police judge of the city, or before any justice of the peace of the city or of Kaw

township in said county.'' The defendant, however, contends that it does not confer jurisdiction because it refers only to tax bills issued by the board of public works and consequently that which is the basis of the judgment in this case is not of that class. This contention can not be upheld. In that part of the section conferring jurisdiction is to be found such expressions as, ''In a suit *on any special tax* bill,'' etc., ''When the amount *due on any tax bill*,'' etc., ''*Suit on special tax bills*,'' etc. It is obvious that the terms thus employed refer to no particular class of tax bills. They are general and include ''any special tax bills'' without regard to whether issued under the old charter or the new. The rule is that new jurisdiction and remedies are not to be extended by construction beyond the fair import of the legislative grant. Nor are they to be unduly confined. Unless some established rule of law is palpably violated doubts as to jurisdiction may be solved in favor of the tribunal exercising it. Endlich, Interp. Stats., sec. 157.

But the defendant insists that section 10, article 17, of the present charter expressly provides that no change is made by that charter affecting the remedy given by that of 1875. This section reads as follows: ''The repeal of any law by the provisions of this charter shall not in any wise be so construed as to affect any right or liability acquired or accrued thereunder, by or in the part of the city, or any person or body corporate. And this charter shall not in any manner affect any right, lien or liability accrued, established, or subsisting under and by virtue of the previous charter or any amendment thereto; but such right, lien or liability shall be enforced, and such action or proceeding shall be carried on in all respects as if this charter had not taken effect; nor shall this charter be in any wise so construed as to affect the right or liability acquired or

accrued under the previous charter and amendments thereto, or on the part of the city, or any person or body corporate." It declares no more than that rights, liens and liabilities subsisting under the old charter shall not be affected by the new, and that no action or proceeding should be affected, but that the same shall be carried on in all respects as if the new charter had not taken effect. But actions and proceedings had after the new charter took effect were to be subject to its provisions as far as applicable. This is the rule in respect to the effect of the repeal of statutes. R. S. 6598.

There is nothing in this charter provision that gives countenance to the contention that one having a right or lien existing under the old charter could not avail himself of the remedy that would be afforded him had that right or lien accrued under the new. There are no negative or preclusive words employed in the section just quoted, except as to existing actions or proceedings. Nor are there words implying an intent of the framers of the charter that remedies created by its provisions should not be invoked to enforce rights existing under the old charter.

The words *"and such action"* as they stand related to the other words of section 10 plainly imply that the "rights, liens and liabilities" therein referred to are such as had accrued, become established or subsisted in actions or proceedings already begun before the taking effect of the charter of 1889. And the words "and such action or proceeding shall be carried on in all respects as if this charter had not taken effect" refer to and include only such actions or proceedings as had been commenced previous to the adoption of the new charter.

We feel fortified in this construction of the aforesaid section of the Kansas City charter, when we

consider the general provisions of the statute relating to the form and manner in which cities of over one hundred thousand inhabitants may adopt charters of their own making. After indicating how such charters may be framed and adopted, section 1847, Revised Statutes, 1889, provides: "Such charter, in superseding any previous charter and amendments thereof, shall not affect any right, lien or liability accrued, established or subsisting previous to the time when such charter takes effect, *nor affect any action or proceeding pending when such charter takes effect*; but such right, lien or liability shall be enforced, and such action or proceeding shall be carried on, in all respects, as if such charter had not taken effect." We italicize the portion of the above section which does not appear in the charter provision and which clearly indicates that it was only intended to save the old procedure in cases pending at the time the new charter may go into effect.

Our conclusion is that jurisdiction is expressly conferred on justices of the peace by section 18, article 9, of the charter of 1889, over the subject-matter of tax bills when the amount does not exceed $250, for the expenses of a sewer, which were issued under the charter of 1875; and that section 10 of article 17 of the new charter does not expressly or by necessary implication preclude the exercise of such jurisdiction in such actions as shall be commenced since the adoption of the latter charter. It was within the power of the city to change the remedy so long as it did not take away or impair any vested right nor impair the obligation of any contract. It had control over the remedies for the enforcement of the rights, liens and liabilities referred to. It could give a new and additional remedy for a right already in existence. *Lovell v. Davis*, 52 Mo. App. 342.

It results therefore that the judgment of the circuit court must be affirmed. All concur.