## HOTEL LANIER COMPANY v. JOHNSON, adm'x.

1. Under section 3702 of the Civil Code, an alteration in a promissory note
   will not necessarily discharge the maker from all liability thereon, unless
   such alteration was material and made by a person claiming a benefit
   under the note, with intent to defraud.

2. A promissory note payable generally "after date" and not otherwise ex-
   pressing any time for payment is payable on demand; and therefore,
   under section 3700 of the Civil Code, due immediately.

3. The purchaser of such a note, even if the same is by its terms a negotiable instrument, takes it subject to the equities between the original parties.

4. The foregoing is applicable to the notes sued on in the present case; and the same having been tried upon an erroneous theory with regard to the maturity of such notes, and the court having consequently excluded evidence relevant and material to the defense, there should be a new hearing.

Argued February 2, 3, — Decided March 22, 1898.

Complaint on notes. Before Judge Felton. Bibb superior court. April term, 1897.

*Dessau, Bartlett & Ellis* and *Minter Wimberly;* for plaintiff in error. *Bacon, Miller & Brunson,* contra.

LUMPKIN, P. J. The administratrix of Edward C. Johnson brought an action against the Hotel Lanier Company, a partnership, as maker, and H. S. Morse, as indorser, upon two promissory notes payable to the order of the latter. Each of these notes was dated January 2d, 1894, due generally "after date," and signed " Hotel Lanier Co., by Sam Altmayer, secty. & treas." The Hotel Company pleaded, in substance, that the notes sued on were not executed by it, nor by any person authorized by it to do so; that if the same were executed in the name of the company by Altmayer, his act in so doing was not the act of the company, not being within the legitimate scope of the business of the partnership, and consequently it was not bound thereby; that the notes, as to the company, were without any consideration whatever; and that if Johnson, the plaintiff's intestate, purchased these notes, he did so after they became due, with full notice of the above recited facts.

1. The first of the above mentioned defenses seems to have been intended and treated by counsel for the defendant, not as a strict plea of non est factum, but as one in effect alleging alterations in the notes after their execution. Accordingly, evidence was offered to prove that the following clause in each of the notes, to wit: "with interest at six per cent. per annum," and the date of each, "January 2d," were "forgeries and were not parts of said notes at the time the same were signed." Exception is taken to the rejection of this testimony. There being no offer in this connection to prove that the alleged alterations were fraudulently made by a person claiming a bene-

fit under the notes, it does not appear that rejecting the evidence above indicated resulted in any injury to the defendant, even if the same, in the absence of a plea specially alleging that the alterations were material, fraudulent, etc., was admissible at all.    Under section 3702 of the Civil Code, an alteration in a promissory note will not discharge the maker from all liability thereon, unless the same be material and made by a person claiming a benefit under the note, with intent to defraud.    The evidence offered and rejected would not, without additional proof of the nature hereinbefore suggested, have brought the case within the provisions of this section of the code.    See *Gwin* v. *Anderson,* 91 *Ga.* 827.

2. The main question in this case was as to when the notes sued on became due.    They were payable, as has been seen, "after date," but did not otherwise express any time for payment.    Our conclusion, therefore, is that they were payable on demand.    In 3 Randolph on Commercial Paper, § 1040, it is said that a note payable on "demand after date" is not a note "payable on time."    As authority for the text, Hitchings *v.* Edmands, 132 Mass. 338, is cited.    In that case Field, J., remarked that the intention of the parties to such a note was "apparently that it should be payable immediately, and no intention appears on the face of the note that the parties intended to stipulate for at least one day's time before a demand could be made."    This court, in *Morrison* v. *Morrison,* 102 *Ga.* 170, held that where an action was brought upon promissory notes payable generally "after date," it was not improper to allege in the plaintiff's petition that the same were payable "on demand." This ruling is supported by a decision of the Supreme Court of Oregon in the case of Dodd *v.* Denny, 6 Ore. 156.    There an action was brought upon a note payable ".............. after date," and the court held that it became due at once, laying down the rule that "when no time of payment is expressed in a note, the law adjudges it to be due and payable immediately." After some search, we have been unable to find other authorities directly in point, but we are satisfied that commercial paper of this character should be regarded and treated as payable on demand; and if this view be correct, the notes now under con-

:sideration were, under section 3700 of our Civil Code, due immediately.

3. It follows that the purchaser of such a note, no matter when he acquired it, took it after maturity, and therefore subject to the equities between the parties.

4. This case was tried upon an erroneous theory ; for though it appears that the trial judge was of the opinion that these notes were "demand paper," he nevertheless entertained the view that they did not become due until after actual demand for payment had been made. Accordingly, he excluded evidence relevant and material to the defense, which would doubtless have been admitted had he been of the opinion that the plaintiff's intestate necessarily acquired title to the notes after their maturity.

*Judgment reversed. All concurring, except Cobb, J., absent.*