### 5876.  BRINSON RAILWAY COMPANY *v.* EXCHANGE BANK OF SPRINGFIELD *et al.*

WADE, J.  The powers of a corporation organized under the general railroad law are such only as the statute confers.  A corporation thus created may do all things necessary for the legitimate execution of the purposes for which it was chartered.  Civil Code, § 2216.  As indicating the legislative policy in this regard as to corporations generally, see Civil Code, § 2823, par. 5.  And see *Hazlehurst* v. *Savannah &c. R. Co.,* 43 *Ga.* 14, 54-55; *Screven Hose Co.* v. *Philpot,* 53 *Ga.* 625-7.  "Every corporation must act according to its nature; a trading corporation must trade, a manufacturing corporation must manufacture, a banking corporation must bank, a transportation corporation must carry," etc.  *Harriman* v. *First Bryan Baptist Church,* 63 *Ga.* 186, 195 (36 Am. R. 117).

(a) The president of a railway company incorporated under the general laws of Georgia as a common carrier has no power, either with or without the consent of its board of directors, to donate funds belonging to the corporation, or to execute in the corporate name a note to be discounted in behalf of or to raise funds as a recognized donation for the erection of a public school, or for the purpose of building up or promoting the town in which the school is situated, even though the school or town be located on the line of the company's railway and its transportation business might thereby be increased.  A note executed in the name of a railway company for such a purpose could not bind the corporation where the president of the bank to which it was made payable, who "O. K.'d" it and authorized his bank to accept and discount it, had full notice of the purpose for which it was given and that it was a mere donation, and the cashier of a branch of the said bank, who actually accepted and discounted the note for the bank (the original payee), was directed at the time by the president of the railway corporation, who executed the note in its name and behalf, to place the proceeds thereof to the credit of a certain school, on the books of the payee bank, and the payee therefore had full notice of the unauthorized purpose for which the note was given.  See *Military Interstate Association* v. *Savannah &c. Railway,* 105 *Ga.* 420 (31 S. E. 200), where the Supreme Court treated as ultra vires and void a subscription by a railway corporation to the capital stock of a corporation organized to furnish amusement to the public at a point on the line of the railway, and

which therefore might incidentally increase the transportation business of the railway. See also *Savannah Ice Co.* v. *Canal-Louisiana Bank*, 12 *Ga. App.* 818 (79 S. E. 45).

2. "Bills, notes, or other paper, payable on demand, are due immediately." Civil Code, § 4292. "The purchaser of such a note, even if the same is by its terms a negotiable instrument, takes it subject to the equities between the original parties." *Hotel Lanier Co.* v. *Johnson*, 103 *Ga.* 604 (3), 605 (30 S. E. 558).

(a) By transfer "without recourse" the note sued on was acquired by the plaintiff from the original payee (Sardis Branch of Citizens Bank of Sylvania); and, since the note was payable on demand, the plaintiff took it subject to all equities between the original parties, including the defense of ultra vires interposed by the railway company.

3. The court therefore erred in directing a verdict in favor of the plaintiff, and in overruling the motion for a new trial.     *Judgment reversed.*

DECIDED JUNE 11, 1915.

Complaint; from city court of Sylvania—Judge Boykin. June 8, 1914.

*Hitch & Denmark, White & Lovett,* for plaintiff in error.

*J. W. Overstreet, Paul E. Seabrook, E. K. Overstreet,* contra.