## 7173. EXCHANGE BANK OF OAKFIELD v. ODUM.

WADE, C. J. 1. A note payable on demand is due immediately (Civil Code, § 4292; *Brinson Ry. Co.* v. *Exchange Bank of Springfield,* 16 *Ga. App.* 425 (85 S. E. 634)), and a purchaser takes such a note subject to all equities between the original parties. *Hotel Lanier Co.* v. *Johnson,* 103 *Ga.* 604 (3), 605 (30 S. E. 558); *Dougherty* v. *Western Bank of Georgia,* 13 *Ga.* 287; *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605 (3).

2. A promissory note payable "after date" and not otherwise expressing any time for payment is payable on demand (*Hotel Lanier Co.* v. *Johnson,* supra), and a note payable "on demand after date" is not a note payable on time. *Hitchings* v. *Edmunds,* 132 Mass. 338; *Turner* v. *Iron Chief Mining Co.,* 74 Wis. 355 (43 N. W. 149, 5 L. R. A. 533, 17 Am. St. R. 168). It follows that a note payable "on demand next after date" (as was the note sued upon in this case) is due immediately, and a purchaser of the note would take it subject to the equities between the original parties. The use of the word "next," which means "in the nearest time," "just after," "immediately following" (Standard Dictionary), could not have the effect of extending the time included by an expression construed to mean immediately.

3. The motion for a new trial is based upon the general grounds only, there was some evidence to support the verdict for the defendant, and therefore this court can not set the verdict aside.

*Judgment affirmed. Hodges, J., absent.*

DECIDED DECEMBER 8, 1916.

Complaint; from city court of Thomasville—Judge W. H. Hammond. December 1, 1915.

*Titus, Dekle & Hopkins,* for plaintiff.

*Merrill & Grantham,* for defendant.