## AMERICAN WHOLESALE CORPORATION v. BRYANT.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1924.)

No. 4296.

**1. Bills and notes ⬤⟞129(3)—Demand note is due immediately.**

Under law of Georgia, instrument payable on demand is due immediately.

**2. Bills and notes ⬤⟞285—That note was overdue when indorsed does not relieve indorser from liability.**

Fact that note was overdue when indorsed does not keep indorser from being liable thereon.

**3. Bills and notes ⬤⟞537(1)—Liability of company's president on indorsement of note placed as collateral held question for jury.**

In action against company's president on his individual indorsement of note of third person forwarded to plaintiff as collateral, evidence *held* to raise question for jury as to whether note had been unintentionally forwarded while so indorsed, and whether there was lack of consideration for indorsement.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Action by the American Wholesale Corporation against C. S. Bryant and P. R. Brown. Judgment for plaintiff against defendant Brown, and in favor of defendant Bryant, and plaintiff brings error. Reversed and remanded for new trial.

Jas. L. Mayson, of Atlanta, Ga. (J. S. Watkins and P. C. O'Gorman, both of Augusta, Ga., and P. E. Johnson and Mayson & Johnson, all of Atlanta, Ga., on the brief), for plaintiff in error.

Orville A. Park, of Macon, Ga., and W. W. Abbot, Jr., of Louisville, Ga. (M. C. Barwick, of Louisville, Ga., Jones, Park & Johnston, of Macon, Ga., and Phillips & Abbot, of Louisville, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, American Wholesale Corporation (herein referred to as the plaintiff), against P. R. Brown and C. S. Bryant on a note dated October 28, 1919, for $10,000 and interest from date at 8 per cent., payable on demand to C. S. Bryant Company, or order, signed by David Brown, and indorsed by "C. S. Bryant Company, by C. S. Bryant, Pres.," and, below that indorsement, by C. S. Bryant, who is herein referred to as the defendant.

Defendant's answer to the petition contained averments to the following effect: Defendant admits that his name was written by him on the back of the note. After the execution of said note, and after it was due, the C. S. Bryant Company, desiring to use it as collateral with the Georgia Railroad Bank of Augusta, Ga., procured defendant to indorse said note solely for the purpose of securing a loan from said bank. When that loan was repaid, said note was returned to the C. S. Bryant Company. Inadvertently that company, by some of its officers or agents, forwarded said note to plaintiff without having erased therefrom the indorsement of defendant, and there was no purpose or intention upon the part of the defendant to become surety or indorser for the C. S. Bryant Company or said Brown to the plaintiff; nor was there ever any agreement or contract upon the part of the defendant to become surety or indorser to the plaintiff. Even if defendant's name had been placed upon said note as accommodation indorser, the undertaking by him was without consideration and void.

There was judgment for the full amount of the note with interest against Brown, who made no defense, and who, so far as appears, never claimed or had any defense. At the conclusion of the evidence the court instructed a verdict in favor of the defend-

ant. There was judgment pursuant to such verdict. The action of the court in giving the above-mentioned instruction is duly presented for review.

There was evidence to the following effect: On January 5, 1921, the note sued on, containing the above-mentioned indorsements, was sent with a letter of that date from Bartow, Ga., to the plaintiff at Baltimore, Md. The following is a copy of that letter, omitting the date and address:

"We want to know if we can get you to give us an extension until next fall for $10,000 of our account, with the inclosed paper as collateral. This party, Mr. P. R. Brown, has been one of our largest customers, but, making a short crop for the past two years, has gotten behind with us. Farmers in this section have not sold any of their cotton to amount to anything on account of the low prices, which causes us to have out quite a bit of money on our books, but we feel that it will all come right when cotton begins to move. We hope you can see your way clear to handle this paper for us.

"Yours very truly,
"csb/v.          The C. S. Bryant Co."

When that letter was written, the C. S. Bryant Company (most of the stock of which was owned by the defendant, who was its president and general manager) was indebted to plaintiff in the sum of about $15,000. The defendant then was, and for a number of years previously had been, personally well known to plaintiff's credit manager. Plaintiff retained the note, and about January 20, 1921, in reply to a letter from defendant, informed the latter that the requested extension until fall on $10,000 of the account would be granted. The "csb" at the bottom of the above set out letter meant that the defendant dictated that letter and personally attended to the matter it dealt with. Plaintiff carried until the fall of 1921 more than $10,000 of indebtedness owing by the C. S. Bryant Company. In November, 1921, plaintiff's credit manager talked with defendant at Bartow, Ga., in regard to that debt. On that occasion the note sued on, with defendant's indorsement on it, was shown to him, and he said nothing about it. In May, 1922, a lawyer, who held said note for collection, had an interview with defendant in regard to it, and showed the defendant the note and his indorsement on it, whereupon, after the defendant saw and admitted his signature, he admitted that he owed the debt, and promised to make a payment on it if the lawyer would come back in 30 days. There was other evidence in conflict with material parts of that above mentioned.

The above-mentioned evidence furnished support for the inferences that the defendant was the person who acted for the C. S. Bryant Company in sending the note to the plaintiff as above stated, that he was then aware that his uncanceled indorsement was on the note, and that the note so indorsed and used by him was intended by him to have the effect of making him personally liable thereon to the plaintiff as surety or indorser. Such inferences are inconsistent with the maintenance of the defense set up by the defendant.

[1, 2] We are of opinion that the above-mentioned phase of the evidence tended to prove a state of facts which made the defendant liable on the note. That instrument, being payable on demand, under the law of Georgia was due immediately. Hotel Lanier Co. v. Johnson, 103 Ga. 604, 30 S. E. 558. It follows that defendant was an indorser after maturity. The fact that a note was overdue when it was indorsed does not keep the indorser from being liable on it as an indorser. De Hass v. Roberts, 70 F. 227, 17 C. C. A. 79, 30 L. R. A. 189; 8 C. J. 379. It cannot properly be said that the defendant incurred no liability if, with knowledge that his uncanceled indorsement remained on the note, he participated in sending it to the plaintiff as security for a requested extension of a debt, the granting of which was influenced by plaintiff's reliance on defendant's apparent liability as indorser. Though the attending circumstances had the effect of charging plaintiff with notice that the defendant's relation to the note was that of an accommodation indorser of overdue paper, the defendant's personal participation in procuring the acceptance of it, with his unexplained indorsement thereon, by the plaintiff as security for the requested extension, stands in the way of his having a defense based on the ground that he received no consideration from the payee of the note. 8 C. J. 264.

[3] The conclusion is that the above-mentioned phase of the evidence adduced warranted a finding that defendant was liable on the note. Under all the evidence it was a question for the jury whether the defendant was or was not so liable. It follows that the court erred in giving the above-mentioned instruction. Because of that error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.