23316.  STEWART, adm'x, *v.* FINANCE COMPANY OF THE SOUTH.

DECIDED SEPTEMBER 17, 1934.

*Stephens Crockett, Alexander & McLarty,* for plaintiff in error. *Little, Powell, Reid & Goldstein, James K. Rankin, Frederic Solomon,* contra.

GUERRY, J.  The Finance Company of the South brought suit

against F. M. Stewart on November 19, 1932, on a promissory note to L. J. Leary, dated January 16, 1931, payable on demand and indorsed by L. J. Leary, alleging that there was a balance due thereon of $500 besides interest. It was also alleged that notice of attorney's fees had been given before suit. By amendment it was alleged that on August 3, 1932, plaintiff gave to the defendant written notice of intention to bring suit for the then-existing indebtedness, or balance of $1000, a copy of which notice was attached; that thereafter the attorney for the defendant, who is attorney of record in this suit, wrote and delivered to plaintiff the following letter, addressed to attorneys of record for plaintiff. "August 15, 1932. Gentlemen: Please find enclosed check for $500.00, signed F. M. Stewart, payable to the Finance Company of the South, account note of L. J. Leary. This is paid with the understanding that you will allow Mr. Stewart to pay $250.00 on the 15th day of September, 1932, and $250.00 on the 15th day of October, which will be accepted as settlement in full of all indebtedness to Lon J. Leary and/or the Finance Company of the South." It was alleged that said proposition was promptly accepted by the plaintiff herein and the time of payment extended as outlined in said letter, and that although the defendant duly received the consideration, to wit, the extension of time, defendant now refuses to pay the said $500 balance due, for which amount judgment is prayed. Defendant in his plea admits the execution of the note and alleges that he paid to L. J. Leary $500 thereon and to the plaintiff $1500, and for that reason is not indebted in any sum whatsoever, the original amount of said note being $2000. In his testimony the defendant swore that he had paid L. J. Leary $500 before the transfer of the note to the Finance Company of the South; that in March or April, 1932, he received a notice from the Finance Company of the South that it held the note and claimed the full face amount thereon, to wit, $2000; that he paid it $500 April 19, 1932, and on May 17, 1932, he paid another $500 thereon, and on August 15, he paid another $500. On cross-examination, he testified that when he received the first notice from the plaintiff in reference to the note the question of the $500 payment to Mr. Leary came up and there was a dispute in reference thereto. He testified as follows: "Instead of filing suit to the May term, as you gave me notice in April, we made an agreement where-

by I was to pay it at so much a month. He received the notice of attorney's fees on August 3, 1932, claiming a balance of $1000, and my attorney was handling it, and whatever he did was authorized by me. I sent through him on August 15th $500 on account of this note. I was sued on November 18, 1932." The letter from defendant's counsel to plaintiff's counsel was introduced in evidence. The plaintiff moved a direction of a verdict, on the ground that the evidence showed, without dispute, that defendant, with knowledge that the plaintiff was claiming that the full amount of the note was due without deduction, made the offer as outlined in letter, and that the offer was accepted and the bringing of the suit postponed until after the expiration of the time fixed by the offer, and that $500 is now due. The court directed a verdict in favor of the plaintiff for $500 principal and $7.99 interest.

The court properly directed a verdict in this case. A note payable on demand becomes due immediately and interest runs thereon from date, and a purchaser thereof takes it subject to the equities between the parties. *Brinson Ry. Co.* v. *Exchange Bank,* 16 *Ga. App.* 425 (85 S. E. 634) ; *Exchange Bank of Oakfield* v. *Odum,* 19 *Ga. App.* 52 (90 S. E. 977). It is admitted by the defendant that there had been a continuing dispute between himself and the plaintiff as to the payment of $500 to Leary, the original payee. The defendant, with notice that the plaintiff was contending that there was no right to such credit on the note, authorized his counsel to pay $500 on the note, which, according to his contention, paid the principal amount due thereon, and then to offer the payment of $500 more if the filing of suit were delayed until October 15. The plaintiff was claiming, at the time the payment was made, a balance of $1000 and interest. The defendant, under his plea, admitted that $500 and interest was due August 15. He made the offer that if the plaintiff would accept $500, to be applied on the note, and defer the bringing of the suit at that time, he would pay $250 September 15 and $250 October 15, as settlement in full of the obligation. This the plaintiff agreed to do, as evidenced by his conduct in deferring the bringing of his action until November 18.

Plaintiff in error contends that the language used in the letter contains no offer to pay any amount September 15 and October 15, but that the writer merely declares that *if* the amounts are paid, the payments will be accepted in full satisfaction of the claim. We

are unable to see the reason for any such contention. It is presumed that the language used was intended to convey some meaning. It is not mere "words, idle words," but the words used should be given their ordinary meaning and intendment. The consideration was the extension of time of payment, and the waiver by the plaintiff of his claim of interest, which began to run from the time of the making of the note. If there is an ambiguity in the letter (which we fail to see), it should be construed most strongly against the author. Civil Code (1910), § 4268 (4). "Accord and satisfaction is where the parties, by a subsequent agreement have satisfied the former one, and the latter agreement has been executed." Civil Code (1910), § 4326. There was a dispute as to the amount due on the note. There was an offer by the defendant which was to be in full satisfaction of plaintiff's claim. This offer was accepted and executed by plaintiff. See, in this connection, *Sheffield* v. *Whitfield*, 6 *Ga. App.* 762 (65 S. E. 807). "A compromise or mutual accord and satisfaction is binding on both parties." Civil Code (1910), § 4330. There were no issues of fact to be submitted to the jury, and the court did not err in directing a verdict for the plaintiff for the amount offered by the defendant and accepted by the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*