22356. STEPHENS v. MEYER.

ARGUED FEBRUARY 11, 1964—DECIDED MARCH 5, 1964.

*R. P. Herndon*, for plaintiff in error.

*Wm. G. Grant, Robert W. Spears*, contra.

DUCKWORTH, Chief Justice. ■ This case involves portions of the negotiable instruments law (Ga. L. 1924, p. 126; *Code* §§ 14-101 through 14-1707). While the 1924 Act purports to cover the subject of negotiable instruments, and in different portions thereof it speaks of "overdue" instruments, it nowhere says what "overdue" means. Section 4292 of the Code of 1910 provides that "Bills, notes, or other paper, payable on demand, are due immediately." This law is not contradicted or changed by the 1924 Act and remains the law although omitted from the 1933 Code. Supporting this ruling, see *Newcomb v. Niskey's Lake, Inc.*, 190 Ga. 565 (10 SE2d 51), where it was held that Section

4286 of the 1910 Code, which was omitted from the 1933 Code, remained the law and was not repealed by the 1924 Act. Therefore, we hold that the transferee of the note here involved, which is expressly made due on demand, occupies the status of a holder of an "overdue" note. The provision of *Code* § 14-503 that, "where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course," does not even purport to define the due date of such an instrument. But *Code* § 14-502 defines a holder in due course as one that becomes the holder thereof "before it was overdue." Consequently *Code* § 14-507, which exempts a holder in due course from defenses available to prior parties, must be construed with *Code* § 14-502 (2) which says he must have become the holder before it was overdue, and Section 4292 of the Code of 1910 which says the demand note was due immediately.

The Court of Appeals obviously entertained the foregoing views when in *Stewart v. Finance Co. of the South,* 49 Ga. App. 462 (176 SE 73), it held, at page 464, that: "A note payable on demand becomes due immediately and interest runs thereon from date, and a purchaser thereof takes it subject to the equities between the parties. *Brinson R. Co. v. Exchange Bank,* 16 Ga. App. 425 (85 S.E. 634); *Exchange Bank of Oakfield v. Odum,* 19 Ga. App. 52 (90 SE 977)." The due date of an instrument made due on demand was likewise held to be immediately in *Hotel Lanier Co. v. Johnson,* 103 Ga. 604 (30 SE 558).

We find nothing in *Code* § 14-503 to constitute an alteration of *Code* § 14-502 (2). It is obvious that if, as provided in *Code* § 14-502 (2), a holder in due course must be one who becomes the holder "before it was overdue," one taking it an unreasonable length of time after its issue would not be deemed a holder in due course. The latter is consistent with the former and in nowise changes it. But *Code* § 14-509 is cited as authority against what we have said. The provision there that, "Every holder is deemed prima facie to be a holder in due course" is simply a legislative attempt—which is patently erroneous—to exercise an exclusive judicial function by construing its enactment. When the instrument bears on its face irrefutable proof

that it is "overdue," as all demand instruments do, no court could or would hold that 'a prima facie case to the contrary is made. The remainder of *Code* § 14-509, with reference to the burden of the holder to prove that he acquired the title as holder in due course, as relates to demand instruments, is clearly erroneous for he would not be allowed to contradict the writing which shows that even under *Code* § 14-502 (2) he is not a holder in due course. The only thing to be learned from *Code* §§ 14-503 and 14-509 is that the Constitution wisely denied power to the legislature to construe laws. We find in *Code* § 14-207 (1) that an instrument is payable on demand "where it is expressed to be payable on demand," and then this significant statement: "Where an instrument is issued, accepted or endorsed when overdue it is, as regards the person so issuing, accepting or endorsing it, payable on demand." Here, "on demand" is equated with "overdue." We therefore rule that the defendant as transferee of the note, which is expressly made payable on demand, is not a holder in due course under *Code* § 14-502, and that he holds it subject to any defense available against the original payee. *Code* § 14-508.

■ We now look to the amended petition to see if it contains allegations sufficient to withstand the general demurrers. We note: (1) The maker was a 90 year old lady who due to senility could not understand the meaning of the documents. (2) The indebtedness against her home was payable monthly which she could meet, while this note which she thought was an application for a loan, was due in full immediately when it was signed, and her inability to pay it will mean the loss of her home. (3) She made a contract with the payees whereby they would pay only a part of the lien on her home, do specified repairs on the home and allow her to pay them $40 monthly with 6% interest. (4) Only an incompetent would thus wish to repair her home and, at the same time and before the repairs were made, sign this note which authorized them to take her home immediately if she failed to pay the entire amount of $3,975. (5) The taking of a demand note in the circumstances is indicative of an intention to defraud. (6) There is no consideration for the note.

For the reasons set forth in the foregoing opinion it was error

■

to sustain the demurrers and dismiss the petition. Since the judgment makes no reference to the several paragraphs to which special demurrers were directed, we construe it not to include the special demurrers, and they are left for a future ruling thereon.

*Judgment reversed. All the Justices concur.*