**G. J. COHAN, Plaintiff,**

v.

**Frank M. FLANDERS, Defendant.**

**Civ. A. No. 494.**

United States District Court,
S. D. Georgia,
Swainsboro Division.

Aug. 10, 1970.

Albert E. Mayer, Atlanta, Ga., for plaintiff.

Guy B. Scott, Jr., Athens, Ga., for defendant.

## ORDER

LAWRENCE, Chief Judge.

This is a suit on a promissory note for $13,000 dated February 1, 1963, given by defendant to plaintiff. According to admissions at the argument, it represented an indebtedness which grew out of the winding up of a business in which the two parties were engaged.

The note was filled out on a printed form used by a bank. No due date appears. The blank space preceding the language "after date, for value received, the undersigned promises to pay" was filled in with the words, "I, Frank M. Flanders." There is no evidence as to whether the failure was intentional or was an oversight.

Defendant in his answer sets up the defense that when the promissory note was executed Cohan told him "he could pay the note at any time he desired and in any manner he could." Plaintiff has moved for summary judgment on the pleadings, interrogatories and his affidavit.

At common law money loaned with no agreement as to time of repayment was due immediately. Teasley v. Bradley, 110 Ga. 497(3), 35 S.E. 782; Mallin v. Spickard, 103 Ga.App. 562, 120 S.E.2d 128; 10 C.J.S. Bills and Notes § 247, p. 743. "A promissory note payable generally 'after date' and not otherwise expressing any time for payment is payable on demand; and therefore, under section 3700 of the Civil Code due immediately." Hotel Lanier Company v. Johnson, 103 Ga. 604, 30 S.E. 558; Exchange Bank of Oakfield v. Odum, 19 Ga.App. 52, 90 S.E. 977.[1]

The Uniform Negotiable Instruments Law which was adopted in this State in 1924 did not change the rule. It provided that "An instrument is payable on demand: (1) Where it is expressed to be payable on demand, or at sight, or on presentation; or in which no time for payment is expressed." Ga.Code § 14–207; Persons v. Dallas, 178 Ga. 778, 782, 174 S.E. 699. The N.I.L. is controlling in the present case since the note was executed before the effective date of the Uniform Commercial Code. However, the rule seems to be the same in either case. The U.C.C. states that instruments payable on demand shall include those "in which no time for payment is stated." Code § 109A–3––108; 11 Am.Jur.2d § 88; Kock, Georgia Commercial Practice (1964), p. 226.

In Schekter v. Michael (Fla.1966), 184 So.2d 641, the parties, as they did here, left the due date blank. The Supreme Court of Florida held that where a statute provides that a note on which no time for payment appears is payable on demand a contemporaneous parol agreement varying the character of the instrument is inadmissible in evidence. The Court said that when the note was executed it was as though there had been stamped across its face: "No time for payment appearing hereon, this note

1. That section of the Code of 1895 provided, "When no time is specified for the payment of a bill or order, it is due as soon as presented and accepted."

is payable on demand."[2] In Georgia parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument. Code § 38–501. Parol evidence that it was understood that the maker would not have to pay the note cannot compete with the written contents of an instrument that fails to contain such stipulation. Peagler v. Huey, 183 Ga. 677, 188 S.E. 906.

The record in this case contains two letters written in 1969 by Mr. Flanders in connection with the note. In October of that year he informed the payee, "The note should have been settled long ago and I make no excuse other than the fact that I am extremely pressed for money." The following month defendant wrote, "I would be in a position to pay you something now on it and the balance shortly after January 1st if this is agreeable with you." These letters are enough in themselves to eviscerate the contention that the maker could pay when it suited him.

Even without the statutory interpretative aid in respect to notes without a due date, defendant's position is meritless. Let us assume that the note is incomplete on its face and that parol evidence can be received on the issue of its true maturity date. If defendant prevails, there would be incorporated in the instrument, as though originally written there, the words "the undersigned promises to pay when and how he desires." As a result, the maker who received value from the payee would give nothing in return except a nebulous, meaningless, unenforceable promise. To my way of thinking, a note that creates a definite obligation to pay a sum certain at an unspecified time cannot be thus transformed into a worthless piece of paper. Parol evidence having that result necessarily contradicts the writing and is not admissible.

■ However, the basis of my ruling is that where a note lacks a due date and where the law reads into the instrument that it is payable on demand, parol evidence to the contrary cannot be received. Schekter v. Michael, *supra.*

■ Accordingly, summary judgment is granted plaintiff in the face amount of the note with interest at 6% from February 3, 1963.

There remains the question of attorney's fees sought by plaintiff under Ga. Code § 20–506 (Supp.). It is alleged in the complaint that on October 18, 1969, defendant was notified in writing that if he did not discharge the indebtedness within 10 days, he would be obligated to pay 10% of the total due as attorney's fees in accordance with the terms of the note. In the answer to the complaint and in a response to an interrogatory Flanders denied that he received the letter in question. Plaintiff requests permission to give a new notice to defendant and thereafter to amend the complaint to show compliance with the statute referred to. Such a procedure is sanctioned by Camilla Cotton Oil Co. v. Spencer Kellogg and Sons, Inc., 257 F.2d 162 (5th Cir.) and plaintiff is authorized to so proceed. The supplemental pleading shall be filed within 20 days. Defendant will have 10 days to answer. Meanwhile, I reserve final disposition as to the issue of attorney's fees.

---

2. *Cf.* Smith v. Lagerstrom, 34 Cal.2d 858, 215 P.2d 450. In that case the blank before the words "after date we promise to pay" was filled in with the words "on demand." The maker contended that the parties had agreed that the note was payable only out of the profits of a restaurant.

The Court held that the provision of the N.I.L. as to power to fill in blanks when an instrument is wanting in any material particular did not permit a material alteration to be made by the person in possession.