**STATE ex rel. Robert J. JOHNSTON et al., Relators-Respondents,**

v.

**Arthur L. MALLORY, Commissioner, State Department of Education, Respondent-Appellant.**

**STATE ex rel. Harry BUSSE et al., Relators-Respondents,**

v.

**Arthur L. MALLORY, Commissioner, State Department of Education, Respondent-Appellant.**

**Nos. KCD 26616, KCD 26617.**

Missouri Court of Appeals, Kansas City District.

April 1, 1974.

Motion for Rehearing and/or Transfer Denied May 6, 1974.

Application to Transfer Denied July 22, 1974.

John C. Danforth, Atty. Gen., D. Brook Bartlett, First Asst. Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

John Inglish and Ron McMillan, Jefferson City, for Johnston; Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

William W. Eckelkamp, Union, for Busse; Jenny, Cole & Eckelkamp, Union, of counsel.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

These are consolidated actions in mandamus by which respondents, which are three-director, common school districts under § 160.011, RSMo (L.1963, p. 208, § 1–1), V.A.M.S., were successful in securing commands of the trial court to appellant, to determine the exact boundaries of the two proposed six-director districts, and to call an election by the voters thereof on the proposals as required by § 162.221, RSMo 1969, V.A.M.S. Appellant contends that § 162.211, subd. 4, which expressly authorized common school districts to organize into six-director districts, is in conflict with and has been repealed by implication by the enactment of § 162.096 (Laws 1969, p. 260, § A) (Senate Bill 187).

In the Johnston case, there was filed with the State Department of Education on May 2, 1972, a petition signed by the required number of voters of School District K–14, Washington County, Missouri, that the territory of its common school district be formed into a six-director district. In the Busse case, a like petition was filed, signed by the requisite number of voters of Anaconda School District No. 87, Franklin County, Missouri, to form that common school district territory into a six-director district. It was agreed that the petitions

complied with the provisions of § 162.221. Both petitions requested that a representative of the State Department of Education determine the boundaries of the new districts and that appellant call an election. Respectively, on July 6, 1972, and on August 24, 1972, appellant advised respondents' counsel that he declined to take the action requested because of his belief that legislative authority no longer existed for the formation of a six-director school district out of the territory of a three-director (common) school district.

§ 162.211, as it existed prior to its contended repeal by the enactment of § 162.-096, expressly permitted common school districts to become six-director school districts in these words: "A six-director school district may be established by the voters of * * * (4) Any common school district which has two hundred or more children of school age by the last enumeration of any two or more adjacent common school districts which together have an area of fifty square miles or have an enumeration of at least two hundred children of school age." Then § 162.221 provided for the procedure to organize the six-director district by petition of the voters, and, importantly, § 162.241 provided for the election of the directors of the new district if it was approved by a majority of the voters.

§ 162.096, added by Laws 1969, p. 260, § A, provides in its subdivision 2: "If any school district is not operating as a six-director school district and has not combined its territory with that of one or more districts which do operate as a six-director district through one of the procedures provided by law within three years after August 25, 1969, the state board of education shall assign the territory of the district to one or more districts which do operate a high school. The assignments shall be announced not later than January 15, 1973."

§ 162.221 was repealed by Laws 1969, p. 260, § A, effective August 25, 1969, and it was stated in its title, "Text of section effective until July 1, 1974 (V.A.M.S.)."

The amendment deleted the provision for the petitioners of subdivision (3) of § 162.-211 (relating to the authority of two or more adjacent six-director school districts to reform), but it left the authority as to common school districts in § 162.211, subdivision (4) intact. Then, in 1973, a new § 162.211 was enacted, effective July 1, 1974 (V.A.M.S.), which provides only that the voters of (1) any city or town which is divided by a school district boundary line and which is not located in a first class county, and (2) any two or more adjacent six-director school districts without limitation as to size or enrollment, may establish a six-director school district, thus *eventually* phasing out (as a matter of clear legislative intent) the provision of § 162.211 that common school districts may convert themselves into six-director districts. But prior to July 1, 1974, or prior to the expiration of the three year limitation period of § 162.096; the express authority for voters of common school districts to establish themselves in new six-director school districts has not been expressly repealed.

In the posture of the enactments and the subject matter of the foregoing statutes, appellant lays his claim that there is an irreconcilable conflict between § 162.096 and § 162.211, and says "No reasonable means exists to harmonize this conflict." He further says, "In one place in Senate Bill No. 187 (Section 162.096), non-six-director districts are *required* to join six-director districts or be assigned to six-director districts and in another place (Section 162.-211) language appears which appears to authorize the formation of a six-director district out of the territory of a common school district." (Italics added.) Of course, § 162.096 does not *require* a common school district to combine, but provides only that *if* it does not do so within three years the state board of education shall assign it to another district or other districts operating a high school. It is only upon the happening of the conditions, expiration of the three year period without combining, that the state board of education is mandatorily directed to act.

As noted, the authority contained in § 162.211 for common school districts to form into six-director districts has never been expressly repealed. There is nothing, of course, in § 162.096 which continues that authority, and on the other hand there is nothing therein contained which could even impliedly be construed to delete it. It would thus follow that § 162.096 supplied merely an additional method to that of § 162.211 of phasing out common school districts. This concept of the effect of the enactment of § 162.096 is bolstered by the 1969 enactment of § 162.211, which deleted only the authority of two or more adjacent six-director school districts to reform, but continued the authority of common school districts [in subdivision (4)], to do so, thus evincing a legislative intent that § 162.096 should not repeal the latter authority, at least until the three year limitation period had expired.

■ Appellant next contends that because Senate Bill 187 repealed § 162.241, RSMo 1969, V.A.M.S., (L.1963, p. 221, § 3–24; RSMo 1967 Supp.) and, in enacting a new provision, which did not provide for election of school directors where common school districts had formed into six-director districts (but only provided for election of directors after vote of consolidation of two or more adjacent six-director districts under § 162.223), § 162.211 was emasculated. Cited is State ex inf. Mooney v. Consolidated School District No. 3, 281 S.W.2d 511 (Mo.App.1955). That case involved only the validity of a third annexation election, held within two years of two previous annexation elections and thus alleged to be in violation of § 165.300, prohibiting the holding of a special annexation election within that time. It was held that the two previous elections were nullities because they were not validly ordered by the board of directors, and therefore, were not a bar to the third regularly called election. That situation gave rise to the statement in the case relied upon by appellant, and which is undoubtedly correct as a general rule: "But it is fundamental that no valid election can be called and held except by au-

thority of the law, and that where the law places the duty of calling or ordering a special election in the hands of some authority or agency an election held without such call is a nullity. (citing cases.)" In view, however, as to what the legislative intent reasonably must have been in continuing the authority of common school districts to form themselves into six-director districts by vote, it cannot be concluded that that authority was intended to become a nullity by a repeal of the provision to vote for directors after the voters had approved the change. As hereinafter developed the Mooney case is no help to appellant on this issue.

Senate Bill No. 187, in its enactment of new § 162.241, applies only to an election of a school board where two six-director school districts have consolidated by vote of the people under § 162.223. And it must be conceded that in the preamble to Senate Bill No. 187, old § 162.241 is said to be repealed. Yet as above held the authority still existed for common school districts to convert into six-director districts under § 162.211 within the three-year time limitation of § 162.096. The voter petitions here have been timely filed with the state board of education, within the three year period: on May 2 and July 6, 1972, § 1.170, RSMo 1969, V.A.M.S., becomes applicable in its provisions: "The repeal of any statutory provision does not affect any act done *or right accrued* or established in any proceeding, suit or prosecution, *had* or commenced in any civil case previous to the time when the repeal takes effect; but every such act, *right* and proceeding remains as valid and effectual as if the provisions so repealed had remained in force." (Italics added.) Since on the date of the purported repeal of § 162.241, these common school districts plainly *had* the right to organize into six-director districts by voter petition to the state board of education under § 162.211 (a *right accrued*), under § 1.-170, the right to hold an election of directors if the vote on reorganization was successful, under old § 162.241, must be said

to have continued. Compare Kansas City to the use of Drake v. Summerwell, 58 Mo.App. 246 (1894), where an amendment to a charter provision as to jurisdiction of justices of the peace was held to affect the remedy only, which remedy could be changed so long as it did not take away or impair any vested right, which was prohibited under a charter provision similar to § 1.170. See also Joerden v. Stumpe, 232 Mo.App. 959, 106 S.W.2d 543 (1937), holding that under a prior statute giving to a married woman the right to bring a demand against her deceased husband's estate within five years after his death was unchanged by a repeal of the statute and a new enactment making no mention of the rights of married women, because the prior right was an "accrued right" under § 660, RSMo 1929 (now § 1.170), and thus was saved. It was said, "It has been held that the statute, section 660, supra, is a declaratory general statute and as such is usually accorded, especially in proceedings involving vested rights, the same effect as a saving clause in the repealing statute. State ex rel. McKittrick, Atty. Gen., v. Bair, 333 Mo. 1, 16, 63 S.W.(2d) 64, 67." Compare also State ex rel. Wayne County v. Hackman, 272 Mo. 600, 199 S.W. 990, 991 [1–3] (1917).

■ Here Senate Bill No. 187 does not legislate on or revise the subject of election of a board of directors after a successful vote of the people to form a six-director district. The new enactment relates merely to a director vote after consolidation of two or more existing six-director districts. The following italicized statement from 82 C.J.S. Statutes § 293, p. 501, becomes applicable: "On the other hand, parts of an original act which are omitted from the act as revised are to be considered as annulled and repealed, *provided it clearly appears to have been the intention of the legislature to cover the whole subject by the revision; but an act or section relating to a particular subject is not repealed by its omission from a revising act which does not relate to, legislate on, or*

*revise, that subject."* For cases from other jurisdictions which apply this exception to the general rule of express repeal in other fact situations, see State v. Scott, 52 Nev. 232, 286 P. 119 (1930); Smith's Estate v. Davis, 168 Kan. 210, 212 P.2d 322, 342 [2] (1949); and Stephens v. Meyer, 219 Ga. 734, 135 S.E.2d 894, 896 (1964).

Either upon the basis of saving statute § 1.170, supra, or upon the failure to include it in the new statute which is upon an entirely different subject, the only rational conclusion is that § 162.241, providing for an election for directors of a newly formed six-director school district, was not repealed by the later enacted statute. The result contended for by appellant would make the Legislature's action in continuing § 162.211 for three years under § 162.096 meaningless and absurd, and the contention must be rejected. City of Joplin v. Joplin Water Works Co., 386 S.W. 2d 369 (Mo.1965); State ex rel. American Mfg. Co. v. Koeln, 278 Mo. 28, 211 S.W. 31 (1919).

The judgments are affirmed.

All concur.