THE CONSTITUTION PUBLISHING COMPANY *v.* DELAUGHTER.

An action brought in the United States circuit court for the northern district of Georgia, and dismissed by the plaintiff, cannot, under the provisions of section 2932 of the code, be renewed in the city court of Atlanta within six months after such dismissal, so as to avoid the bar of the statute of limitations which had attached before the second action was brought.

November 12, 1894. By two Justices.

Action of libel. Before Judge WESTMORELAND. City court of Atlanta. May term, 1894.

DORSEY, BREWSTER & HOWELL, for plaintiff in error.
HALL & HAMMOND, *contra.*

SIMMONS, Chief Justice.

This was an action in the city court of Atlanta, for a libel alleged to have been published Sept. 21st and Sept. 29th, 1891. The action was filed May 26th, 1893. In order to take the case out of the statute of limitations, the plaintiff, by amendment, alleged that he had brought suit against the defendant in the United States circuit court for the northern district of Georgia on October 13th, 1891, for the same cause of action, that court having jurisdiction of the same, and that the suit was pending therein until May 25th, 1893, when it was dismissed by the plaintiff, and the case renewed by bringing the present suit within six months thereafter; this amendment being predicated upon section 2932 of the code, which declares that "if a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand

v 95-2

upon the same footing, as to limitation, with the original case." The defendant moved to dismiss the declaration as amended, on the ground that the cause of action was barred by the statute of limitations, and contended that this section of the code does not apply where the suit was commenced in a Federal court and renewed in a State court. The court overruled the motion, and the defendant excepted.

The section above quoted was taken from the 33d section of the act of March 6th, 1856 (Acts 1855–6, p. 237), and that section of the act of 1856 was predicated on the act of Dec. 29th, 1847 (Cobb's Dig. p. 569). Construing this section of the code in the light of these acts, we do not think it applies to suits brought in the Federal courts. It seems to us to have been the manifest intention of the legislature that it should apply only to State courts, for in the act of 1847 it uses the words " courts of this State," meaning, in our opinion, courts created by the constitution and laws of this State. It confers a personal privilege upon suitors who bring their actions in courts of this State, to renew them in the same or other courts of the State having jurisdiction thereof, where such an action would otherwise be barred by the statute of limitations. While the act of 1856 and the code both leave out the words " courts of this State," we do not think the legislature or the codifiers intended to enlarge this privilege by conferring it upon suitors who commence their actions in the Federal courts. The act of 1856 and the section of the code under review, were merely codifications of the act of 1847; and it will not be held that the codifiers or the legislature intended to change the law, unless that intention is clear and manifest. We think, therefore, that the court erred in not dismissing the case. We are strengthened in this conclusion by the ruling of this court in the case of *Cox* v. *East Tenn., Va. & Ga. Railroad,* 68 *Ga.* 446.

*Judgment reversed.*