## SAVANNAH SAVINGS BANK *v.* LOGAN.

*Atkinson, J.*—1. Where a debt, including both principal and interest and due by installments, if paid according to the terms of the contract is free from usury, the transaction is not rendered usurious by the voluntary payment of the debt in full before some of the installments matured, although as a result the creditor would receive, in the aggregate, a sum amounting to more than the principal and the maximum legal rate of interest.

2. That a creditor holding such a debt, which was secured by a mortgage, threatened foreclosure if the installments past due were not paid, and at the same time refused to cancel the mortgage unless the entire debt, including installments not due, was paid, did not amount to duress, nor render involun-

tary a payment by the debtor of the whole debt, even though such payment was made for the purpose of having the mortgage cancelled; nor, under such circumstances, was the debtor entitled to a rebate of interest on the unmatured installments.

August 3, 1896.                                   *Judgment reversed.*

Complaint. Before Judge MacDonell. City court of Savannah. November term, 1895.

The petition of Annie M. Logan alleged, that on December 14, 1892, she gave the defendant bank a note for $1,300, and to secure its payment made a note and executed a mortgage on certain described land. Said note represented $1,050 principal, and $250 interest for a length of time not stated in the note or mortgage. The mortgage provided that payments on the note should be made in equal monthly instalments of $30 until it was paid. Petitioner was unable to pay the instalments regularly or promptly, but did pay defendant from time to time amounts aggregating $345. Defendant demanded the amount claimed by it as due and unpaid on October 11, 1894, to wit, $975.77. To save her property from being sold under foreclosure of the mortgage and at a loss, and to save costs, she was obliged to mortgage the property to get the money to pay the demand. On October 11, 1894, she paid defendant under protest the sum of $975.77, because it refused to cancel the mortgage and note until said amount was paid, and it was necessary that the mortgage should be cancelled to enable her to execute another mortgage on the property as above stated. On said date she owed the bank only $832.40, as will appear by reference to a bill of particulars attached. The difference between this sum and the $975.77 is usurious, being for interest charged at a higher rate than eight per cent. per annum; and she was illegally and wrongfully compelled to pay said usurious interest to the bank, to her damage $143.37. The suit was brought January 4, 1895. The note was for $1,300, pay-

able in monthly instalments of $30 upon the 15th day of each month until the whole was paid.

By its answer the bank admitted that the note was represented by $1,050 as principal and $250 of interest, but alleged that the loan of $1,050 was made to plaintiff for the term of three years, seven and one third months, and that she was charged interest on said sum at the rate of six and nineteen thirty-seconds per cent., which amount of interest is represented by said sum of $250; that the principal and interest were consolidated and divided into monthly instalments of $30.00, the loan being so arranged by the request of the plaintiff, to meet her convenience in repaying same, and she was fully informed of and understood the conditions of the same at the time of making the loan and executing the note and mortgage; that defendant has the power to make such loans under the 7th paragraph of its charter (act of December 16th, 1890); that it is not true that plaintiff was compelled to pay it the sum of $143.37 as usury nor did it charge her any usurious rates; and that the true indebtedness of plaintiff to it was the sum of $975.77, as set forth in bill of particulars attached. It did refuse to cancel its mortgage until its entire debt was paid, but it is not true that the $975.77 was paid under protest, the payment being voluntarily made by plaintiff.

There was a verdict for plaintiff for $143.37. Defendant's motion for a new trial was overruled, and it excepted. The motion, beside the general grounds, alleged that the court erred:

In charging the jury that in this particular contract there is no provision that on failure to pay any one instalment the whole amount becomes then immediately due and payable, and instructing the jury on that branch of this case, as far as those instalments were concerned, the company had no right to force Annie M. Logan, against her will, to pay the full amount of the principal and interest.

In charging: "If it was not voluntarily entered into, if

the jury should find that the plaintiff entered into it because she was forced, because she believed that the defendant could foreclose and turn her out of possession, that she raised money by other mortgage, and it was necessary, before she raised that money, that the mortgage paid by it be cleared off, that she was doing it to escape foreclosure, if the jury believe that she paid under protest, then I charge you that that would not be such accord and satisfaction as would be a defense for this company."

In charging: "If the jury find that any interest in excess of eight per cent. was charged, all of that excess the bank would have to refund in this suit, the plaintiff being entitled to recover it back in this suit, provided she did not voluntarily enter into the agreement or settlement in accord and satisfaction in which this very question of usury was discussed."

*A. L. Alexander* and *Denmark, Adams & Freeman,* for plaintiff in error.

*W. P. Hardee* and *E. S. Elliott,* contra.