### STRANGE, administrator, *v.* FRANKLIN *et al.*

The plaintiff had been sued as a surety upon a forthcoming bond given to replevy property of the principal, which had been levied upon under an execution issued upon a void judgment; and in the action upon the bond judgment was rendered against himself and the principal. This latter judgment was also void, because rendered by a court which had no legal existence. But, without attempting to resist the enforcement of the last-mentioned judgment, he voluntarily paid over the amount of the principal, interest, and costs to the plaintiff in the judgment, upon being informed by the clerk that, unless he did so, execution would be issued and levied upon his property. The demand upon which the first-mentioned judgment was based was a valid, subsisting debt due by the defendant in that judgment to the plaintiff therein. *Held,* that in an action for money had and received, the evidence showing the foregoing facts, the judge, to whom the case was submitted without the intervention of a jury, did not err in rendering judgment for the defendant.

Argued June 6,— Decided November 13, 1906.

Action for money had and received.　　Before Judge Parker. Washington superior court.　September 16, 1905.

In February, 1899, Franklin obtained a judgment against Larry in the county court of Washington county, and on September 5 the fi. fa. was levied on the property of Larry. Larry filed a claim, as the head of a family, to the property so levied on by Franklin, and gave a forthcoming bond. Strange signed the bond as surety for Larry. The property not being produced on sale day, the sheriff brought suit on the bond, in the county court of Washington county, and in February, 1900, a judgment was rendered thereon against Larry as principal, and Strange as surety; and Strange paid the amount of the judgment, before fi. fa. was issued, upon being informed by one "who claimed to be the clerk of said court that he intended to issue fi. fa. and turn the same over to the sheriff for levy." Subsequently the Supreme Court held that the county court of Washington county was not established in the manner pre-

scribed by law, and hence was unconstitutional (*Murray* v. *State,* 112 *Ga.* 7). Strange brought this action against Franklin and the sheriff to recover the money paid as above stated.

*J. C. Harman* and *Evans & Evans,* for plaintiff, cited: Civil Code, § 3968; *Ga. R.* 3/90; 7/64; 28/242; 29/673; 31/121; 76/-674; 81/802; 88/456; 98/67; Dud. Rep. 244.

*T. W. Hardwick* and *J. E. Hyman,* for defendants, cited: Civil Code, §§ 3536, 3723, 3978-9; *Ga. R.* 7/64; 49/457; 50/305(3); 62/540; 67/557; 98/67(1); 105/370; 123/655; 20 A. & E. Enc. L. (2d ed.) 807; 10 Id. 321, 344-5.

BECK, J. (After stating the facts.) There was no error in the judgment of the court below. The law and the facts in the case required the decision reached and rendered. The money paid by the plaintiff in error was not paid through any mistake of fact. The money was paid voluntarily, on a bond which plaintiff in error, as surety, voluntarily signed. There is nothing in the agreed statement of facts to show that he was not fully apprised of all the facts and circumstances under which the principal had signed the bond. And nowhere in the pleadings is there anything to suggest that the facts constituting the alleged duress under which the principal was acting when he executed the bond ·were unknown to Strange at the time he affixed his signature as surety thereto. A surety upon a bond is supposed to have had knowledge of the circumstances of the principal at the time he became surety. *Graham* v. *Marks,* 98 *Ga.* 67. And knowing, as he is presumed to have known, the circumstances under which his principal executed the bond, inasmuch as the fi. fa., the levy of which caused his principal to replevy the property seized, was illegal and invalid, he could, after his principal's failure to meet the conditions of the replevy bond, by producing the property on the day of the sale, have prevented the rendition of a judgment against him by pleading and setting up, when sued as surety on said bond, the fact now urged, that the law establishing the county court of Washington county was unconstitutional and void. But he failed to do this, and a judgment was rendered against him in that court, and he afterwards voluntarily paid to the defendant in error the amount of the judgment and costs. We say voluntarily, because the fact that he paid over the money upon being informed by one "who claimed to be the clerk of said court that he intended to issue fi. fa.

and turn the same over to the sheriff for levy" did not prevent the payment being voluntary. A payment made under the circumstances just stated can not be deemed one made under duress or coercion. "The rule allowing a party to recover money which he has once paid, on the ground that it was paid under compulsion, is intended only for the relief of those who are entrapped by sudden pressure into making such payments, and who have no other means of escaping an existing or imminent infringement of their rights of person or property. Where a party has had time and opportunity to relieve himself from his predicament without making such payment, by a resort to ordinary legal methods, but nevertheless pays the money, the payment will be deemed voluntary, and he can not recover it. This is clearly shown in all the cases on this subject." Annotations to case of Mayor of Baltimore v. Lefferman, 45 Am. Dec. 153, citing numerous cases. "It seems, therefore, to be clearly settled that a payment is not made under compulsion or duress, but will be treated as voluntary, unless the party making payment does so to prevent the immediate seizure of his goods or the arrest of his person." *Hoke* v. *Atlanta,* 107 *Ga.* 416; *Williams* v. *Stewart,* 115 *Ga.* 864. See also 22 Am. & Eng. Enc. L. (2d ed.) 635.

The counsel for plaintiff in error, independently of the contention that the money was paid under such circumstances as would prevent its being a voluntary payment, insist that the payment was made under a mistake of law, and that defendants are in possession of money belonging to plaintiff "which in equity and good conscience they are not entitled to hold, and which can be recovered back in this action." But the proposition, in view of all the facts, lacks force, and is not supported by the authorities quoted. In the case of *Logan* v. *Sumter,* 28 *Ga.* 242, cited by counsel for plaintiff, the party seeking to recover money back proved that the money had been paid over upon an execution on which he was clearly not liable, and it had been paid under a mistake of fact, and it was in view of these facts that the court ruled that "A defendant who has paid an execution on which he is not liable may recover back the money—he having paid it under the belief that he was liable." In the case of *Stevens* v. *Nisbet,* 88 *Ga.* 456, the plaintiff sought to recover court costs which had been illegally demanded and exacted of him and which he had paid under protest to the clerk, upon a

peremptory order from the court either to pay said costs or be remanded to jail instanter. In the case of *Culbreath* v. *Culbreath,* *7 Ga.* 64, the money sought to be recovered back in an action for money had and received had been paid under a *mistake* of law; and in the case last cited a distinction is drawn between a mistake of law and ignorance of law, and it was there ruled that "Money paid by mistake of the law may be recovered back in an action for money had and received, where there is a full knowledge of all the facts; *provided* that the mistake is clearly proven, and the defendant can not, in good conscience retain it." But there is a marked difference between the *Culbreath* case and the present case: in the former case the money was paid, under a mistake of law, to one who in equity and good conscience could not retain it. In the case which we have for consideration the money was paid, we apprehend, through ignorance of law, and to one who in equity and good conscience can retain it. It is not denied that the principal in the bond upon which the plaintiff in error became the surety was not indebted to the defendant in error in the amount which the latter was seeking to recover in the proceedings which resulted in the giving of the bond under consideration. The defendant in error has received nothing from the plaintiff in error save an amount which the principal in that bond owed him; and a long period of time has been permitted to elapse since he received that sum in payment of a just debt. Possibly the period of time which has elapsed is such that any action upon the original debt against the principal debtor would now be barred. It seems to us that the defendant in the present action had and made a good legal defense, and his standing in equity is superior to that of the plaintiff.

*Judgment affirmed. All the Justices concur.*