## FORDHAM v. HICKS.

(District Court, S. D. Georgia, W. D. August 7, 1915.)

1. EQUITY ⚖═239—DEMURRER—ADMISSIONS.

   The averments of a bill, for the purposes of a demurrer to the bill as amended, in the form of a motion to dismiss, are admitted as true.

   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 494; Dec. Dig. ⚖═239.]

2. SPECIFIC PERFORMANCE ⚖═105—TIME TO SUE—LACHES—"STALE CLAIM."

   Complainant, who in 1897 entered into a parol contract for the purchase of land providing for nine annual installments, and whose payments were not claimed to be in default by defendant until demand for the deed, when the disputed balance was promptly tendered, and who, on defendant's refusal of a deed in 1908, made a final demand and renewed the tender, and who in 1909 brought a bill in the state court, was not guilty of laches, or of insisting on a "stale claim," which arises when one slumbers over his rights, with no impediment to his assertion of them, until the evidence upon which a counterclaim is founded may, from lapse of time, be presumed to be lost, in which case the law presumes it to be unjust that a complainant should be heard.

   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 325–341; Dec. Dig. ⚖═105.

   For other definitions, see Words and Phrases, First and Second Series, Stale.]

3. COURTS ⚖═375—UNITED STATES COURTS—STATE LIMITATION LAWS.

   The courts of the United States, in the absence of legislation upon the subject by Congress, recognize the statutes of limitations of the several states, and give them the same construction and effect as are given by the state tribunals.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. ⚖═375.]

4. COURTS ⚖═366—NEW ACTION AFTER DISMISSAL OF FORMER ACTION—GEORGIA STATUTE.

   Civ. Code Ga. 1910, § 4362, fixes the time for bringing a suit for specific performance of a contract for the sale of land, and section 4381 provides that if a plaintiff is nonsuited or dismisses his case, and recommences it within six months, the renewed case shall stand on the same footing as to limitations with the original case. Plaintiff began a suit in the state court for the specific performance of a parol contract for the sale of land within the time fixed by the statute, and after judgment against him, and the granting of his motion for a new trial, dismissed his bill, and within six months filed it anew in the federal District Court. Held, that the order granting a new trial restored the status of the parties antecedently to

---

the verdict, so that it was then a pending case, and that, notwithstanding decisions of the state court that after removal to and nonsuit in the federal Circuit Court, or after dismissal of an action brought in such court, it cannot be renewed in a state court within six months after such dismissal, the suit might be renewed in the United States court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ☞366.]

In Equity. Bill by J. H. Fordham against T. B. Hicks. On demurrer to bill, as amended, in form of motion to dismiss. Motion denied.

R. L. Berner, of Macon, Ga., for complainant.
Alexander Akerman, of Macon, Ga., for defendant.

SPEER, District Judge. [1, 2] This is a motion to dismiss a bill in equity filed by J. H. Fordham, a citizen of Arkansas, against T. B. Hicks, a citizen of Laurens county, in this district, for the specific performance of a parol contract for the sale of 100 acres of land in that county. The averments of the bill, which for the purposes of the motion must, of course, be admitted as true, are that in December, 1897, the complainant, who is a negro, entered into a contract with the defendant to buy the land for $1,000, payable at the rate of $120 a year, without interest, that he paid various installments from year to year, and that in 1905 the defendant claimed there was a balance due of $104. Although disputed by the complainant, this was tendered to the vendor, who refused to give a deed to the property as agreed. The installments had been regularly paid, and the tender was continuous. In 1908 the plaintiff again demanded the deed. This was again refused. In 1909, on March 24th, he filed a bill for specific performance in Laurens superior court against the defendant, and at the July term, 1910, the case was tried by a jury, and a verdict rendered against the plaintiff, and judgment entered thereon. Thereupon the plaintiff filed a motion for new trial. This was granted by the court on December 31, 1912. It does not appear that there was any appeal from the order granting the new trial. Thereafter, at the July term, 1913, of the state court, the bill was dismissed by the plaintiff, and it was filed anew in this court. A demurrer was filed to this bill, which was overruled, and the bill amended. The motion to dismiss relates to the amended bill. Its grounds are that the bill is barred by the statute of limitations, that the claim is a stale one, unenforceable in a court of equity, and that the tender alleged in the bill is not in cash, and has not been paid into court.

Counsel for the opposing parties have been fully heard, and the court has taken time for advisement. The date of the contract being December, 1897, it provided for the payment of nine annual installments. It does not appear that at any time, until after the deed was refused, the vendor, who is the defendant, claimed that there was a default in payment. Even then the disputed balance of $104 was promptly tendered. The deed, however, was refused. The plaintiff insisted on his alleged rights, and the defendant still refusing to give

the deed three years later, namely, in 1908, a final demand was made by the plaintiff for his deed, the money in dispute offered, and finally, in 1909, the bill in the state court was brought. These facts show no laches by the plaintiff. The claim is therefore not stale. One is said to make a stale claim when he "slumbers over his rights, with no impediment to his asserting them, until the evidence upon which a counterclaim is founded may, from lapse of time, be presumed to be lost, until the generation cognizant of the transactions between the parties, has passed away and until the original actors are in their graves and their affairs left to representatives." In such a case "the law, in the exercise of an equitable sovereignty, presumes it to be unjust that under such circumstances a complainant should be heard; and in nine cases out of ten it is unjust in fact, as well as in theory. It is presumed, and the presumption grows out of, the principles of human nature, developed in universal experience, that men will use reasonable diligence to get what rightfully belongs to them." Akins et al. v. Hill et al., 7 Ga. 577, 578.

[3, 4] It is not difficult to see how variant, from the facts here alleged, is this elaborate definition of a stale claim by the Supreme Court of the state. The suit in the state court was indeed brought within the time fixed by the statute. Code, § 4362. The order of the judge granting the new trial restored the status of the parties antecedently to the verdict. It was then a pending case. The plaintiff dismissed it, and within six months renewed it here. Now the Code also provides (section 4381):

"If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case."

This is also a statute of limitations, and the courts of the United States, in the absence of legislation upon the subject by Congress, recognize the statutes of limitation of the several states, and give them the same construction and effect which are given by the local tribunals.

It is however, contended for the defendant that the six months' permission for renewal of a dismissed case applies only to cases pending in the state courts, and Cox v. East Tennessee & C. R. R., 68 Ga. 446, Webb v. Southern Cotton Oil Co., 131 Ga. 682, 63 S. E. 135, and Constitution Publishing Co. v. De Laughter, 95 Ga. 17, 21 S. E. 1000, are cited in support of this contention. It is true that the Supreme Court of the state has explicitly held that:

"When a case has been removed from a state court to the Circuit Court of the United States, the jurisdiction of the former ceases, and after nonsuit in the federal court the case cannot be renewed in the state court within six months, so as to avoid the statute of limitations." Cox v. East Tenn., etc., R. R., 68 Ga. 446.

The same learned tribunal has held that:

"An action brought in the United States Circuit Court for the Northern District of Georgia, and dismissed by the plaintiff, cannot, under the provisions of section [4381] of the Code, be renewed in [a state court] within six months after such dismissal, so as to avoid the bar of the statute of limita-

tions which had attached before the second action was brought." Constitution Publishing Co. v. De Laughter, supra.

It is urged here that the converse of this proposition is true, and that a suit in the state court, if dismissed, cannot be renewed in the United States court. It is, however, true that the remedies and rights granted by state law may be utilized in the United States courts, where the latter otherwise have jurisdiction. The rulings of the Supreme Court of the state, above cited, while doubtless controlling in the state courts, are not necessarily controlling here. It is a familiar principle that each court determines for itself its jurisdiction of the cause, the parties, and the subject-matter. It is not essential that we should contravene the reasoning of the state court as to its jurisdiction, but in the suit of a citizen of another state the United States court may for itself determine a right or privilege of this class claimed by such plaintiff. This court would ordinarily not presume to determine whether a case had been properly brought in the state court. By a parity of reasoning we may claim that a ruling of the state court is not conclusive as to whether a suit is properly brought here.

National courts of high authority have in effect taken this view. The right insisted upon by the plaintiff was sustained in McCormick v. Eliot (C. C.) 43 Fed. 469 et seq. There the decision was pronounced by so learned and careful a jurist as the late Associate Justice Gray, sitting at circuit. This was under a Massachusetts statute, where a suit commenced in the state court might be renewed in 12 months, and was renewed in the United States court. See, also, Harrison v. Remington Paper Co., 140 Fed. 386, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Kansas City Hydraulic Press Brick Co. v. National Surety Co., 167 Fed. 496, 93 C. C. A. 132. In both cases, under the renewal statute of Kansas, jurisdiction was maintained in the national court, where the cases had been originally brought and dismissed in the state court. In Brown v. Erie Railroad Co., 176 Fed. 544, 100 C. C. A. 132, a similar ruling was made as to the Iowa statute, and in Alexander et al. v. Gordon et al., 101 Fed. 91, 41 C. C. A. 228, the Arkansas renewal statute of limitations was sustained, although both the original suit and that renewed had been brought in the United States court.

In the present state of the record, the suit of the plaintiff on the admitted allegations of his bill is seen to be meritorious, and the motion to dismiss, on all grounds, is denied.