27046. CRISLER v. BANK OF CANTON.

DECIDED OCTOBER 17, 1938.

*Howell Brooke,* for plaintiff.   *John S. Wood,* for defendant.

SUTTON, J.   (After stating the foregoing facts.)   If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted.   Code, § 110-310; *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2) (46 S. E. 674); *Walker* v. *Georgia Railway and Electric Co.,* 122 *Ga.* 368 (50 S. E. 121); *Flippin* v. *Central of Georgia Railway Co.,* 35 *Ga. App.* 243 (3) (132 S. E. 918).   The court properly granted a nonsuit. With reference to the renewal and acceptance of the $10,000 note by the bank, the plaintiff testified that he not only had verbal instructions from the bank that it would renew and accept the $10,-000 note for three months, six months or twelve months, but he also had written instructions to that effect, and that he did not know whether the word "by" was marked out in the note before the bank accepted it, and he would not say that it was not marked out when the note was accepted by the bank.   The only inference and reasonable deduction to be drawn from the plaintiff's evidence is that the word "by" in the note before the due date, February 15, 1938, was stricken before the bank accepted the note.   This being true, the plaintiff was obligated to pay the full amount of interest to February 15, 1938, and had no right to take up the note without paying principal and interest to that date.   Certainly the burden was on the plaintiff to prove that the word "by" was not stricken before the bank accepted the note, and this he failed to do.   But regardless of this feature of the case, the plaintiff's evidence shows beyond question that the payment of the principal and full amount of interest on June 28, 1938, was a voluntary payment by him to the bank.   He testified that he told Mr. Elliott, the officer of the bank who handled the matter, that he had the money and would like to have the privilege of paying off the note, and asked him to prorate the interest, and permit him to pay and stop the interest that day, but he did not give as a reason for this that he wanted his collateral.   He further testified that when he went

490

to the bank to discuss the matter with Mr. Elliott he had a certified check from the First National Bank of Atlanta for the full amount of the note, principal and interest to February 15, 1938, and that the only demand that he ever made for his stock was the tender of this check to the bank in payment of the note. The Code, § 20-1007, declares: "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." See also *Hoke* v. *Atlanta,* 107 *Ga.* 416 (33 S. E. 412); *Strange* v. *Franklin,* 126 *Ga.* 715 (55 S. E. 943); *West* v. *Brown,* 165 *Ga.* 187 (140 S. E. 500); *Strachan Shipping Co.* v. *Savannah,* 168 *Ga.* 309 (3) (147 S. E. 555). When the plaintiff made the payment which he now seeks to recover back, all the facts were known to him and there was no misplaced confidence or artifice, deception or fraudulent practice, nor was there any urgent or immediate necessity for then making the payment, nor was it made to release his property from detention. So, under the evidence and the law applicable thereto, the plaintiff was not entitled to recover, and the court properly granted a nonsuit.

*Judgment affirmed. Felton, J., concurs.*

STEPHENS, P. J., concurs in the judgment on the ground that the payment was a voluntary payment.