## 50494. FLANDERS v. COLUMBIA NITROGEN CORPORATION.

CLARK, Judge.

"The case at bar is extremely complicated and very difficult to understand as the record alone in the case contains over one hundred eighty pages (180) even though the question only involves the granting of a summary judgment." This significant statement is the opening paragraph of the brief submitted by appellant's able attorney. Actually, the record, which is limited to pleadings, court orders, and numerous exhibits, totals 197 pages. Argument of the facts represents all except two pages of appellant's initial brief and more than one-half of appellee's first brief. Our consideration of these arguments shows there is no genuine issue as to material facts and the trial court's grant of appellee's summary

judgment should be sustained.

1. "The primary purpose of the summary judgment procedure is to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings." *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193). The affidavit submitted by Columbia Nitrogen Corp. accompanied by eight supporting documents (R. 130-146) successfully pierced the allegations of the initial cross bill submitted by Flanders and was not contradicted or refuted as to any material facts by his rebuttal affidavit. (R. 192-197). In ruling on a motion for summary judgment the court does not try the case but merely determines from the record whether there are any genuine issues of fact. "If the evidence introduced by movant pierces the pleadings and discloses the absence of a right of recovery, the grant of a summary judgment is proper and should follow. [Cits.]" *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, 234 (180 SE2d 364).

2. The claim by appellant for the excess sums which had been received by Columbia Nitrogen Corp. to satisfy his indebtedness as of June 5, 1973, is in the nature of seeking recovery of voluntary payments. Under the circumstances of this case, voluntary payments are not recoverable. Code § 20-1007; *Strange v. Franklin,* 126 Ga. 715, 717 (55 SE 943).

3. Appellant contends that when a new agreement was made between Columbia Nitrogen Corp. and Leroy Williams, the substitution of this contract for the previous agreement prevented him from enforcing his personal contractual rights as against Williams. That contention is without merit. *Hudson v. Hudson,* 119 Ga. 637, 641 (46 SE 874) is applicable and controls this contention adversely to appellant.

4. Appellant's claim for recovery of alleged usurious amounts asserted in his amendment to his cross bill is barred because of the one-year statutory limitation. Code § 57-115; *Poulk v. Cairo Banking Co.,* 158 Ga. 338, 342 (123 SE 292).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED APRIL 8, 1975 —DECIDED JUNE 5, 1975.

*Guy B. Scott, Jr., E. Lynn Mitchell,* for appellant.
*Fulcher, Hagler, Harper & Reed, W. M. Fulcher, Daryll Love,* for appellee.