## 54482. HENSON v. COLUMBUS BANK & TRUST COMPANY.

BIRDSONG, Judge.

Appellant Henson brings this appeal from the grant by the trial court of the motion by Columbus Bank & Trust Co. (CB&T) to dismiss Henson's action and complaint with prejudice.

The facts giving rise to this litigation show that for a number of years CB&T had made loans to Henson. The actual number of these loans is not shown, but apparently each was represented by a demand note at varying rates of interest, depending upon the rate of interest prevailing at the time of the loan. It is uncontested that prior to the suit filed by CB&T in May, 1975, upon the 11 unpaid demand notes, CB&T had not demanded payment of any of Henson's notes. Henson had paid off a number of the notes and maintained the remaining 11 demand notes by paying quarterly interest payments. At the time of the filing of the suit by CB&T, Henson owed in excess of $117,000 in aggregate on the 11 notes. Each note as executed called for payment of interest at a set and certain rate, but it appears that it was established practice for the bank to bill the quarterly interest at the prime rate existing at the time of the billing. These interest payments as billed were paid by Henson for a number of years, though it appears that he complained increasingly over the interest costs and finally refused to pay further interest costs after the fall of 1974. Moreover, Henson did not pay the principal in 1974. The quarterly interest payments were set at rates ranging from 6% to a high of

13-1/2%. After Henson refused to make additional interest payments except at the rate specified in each note, CB&T and Henson negotiated unsuccessfully. In May, 1975, CB&T filed suit upon the notes, each being a demand note, maintaining that Henson refused to pay the notes. Henson, for the avowed purpose of avoiding the payment of attorney fees, amounting to more than $18,000, immediately paid off all 11 notes without filing any defensive pleadings to the complaint by CB&T. The bank dismissed its suit.

Henson then filed suit against CB&T in a federal district court, alleging a violation of the Truth in Lending Act, collection of usurious interest, and breach of contract in that the bank charged more interest than that called for by each note, plus a demand for attorney fees. After the passage of 18 months, the federal district court concluded that all but the truth in lending count were more properly brought in a state forum, and accordingly dismissed them without prejudice. Henson, relying on the renewal statute, Code Ann. § 3-808, then brought this suit in the Superior Court of Muscogee County containing the same counts as in the federal suit, with an additional count alleging defamation in that the bank had wrongfully alleged in its complaint that Henson refused to pay his just debts.

CB&T moved the state court to dismiss Henson's complaint alleging that by his voluntary payment of the indebtedness without filing defensive pleadings, Henson was barred from seeking the return of the voluntary payments; that by paying the interest installments he waived or was estopped from claiming a breach of contract; that, as demand notes, each note was "past due," thus the bank had a right to sue thereon; and, that the Georgia renewal statute does not apply to a suit first filed in a federal court; therefore, for that reason, the statute of limitation had run on the recovery of the alleged usurious interest as well as on the defamation count sounding in tort. Upon the grant of the motion to dismiss the action upon each ground asserted by CB&T, Henson brought this appeal. *Held:*

1. We affirm. Though the record in this case extends only to 76 pages, the combined briefs of counsel amounted

to 128 pages and appellant has enumerated 22 errors. Nevertheless, as we view the record, the issues ultimately resolve themselves into the legal effect of the voluntary payment of the indebtedness by Henson and whether the Georgia renewal statute is applicable under the circumstances of this case. It would appear that the claim for return of interest charged by the bank would have merit and an action therefor would lie, only if the renewal statute tolled the statute of limitation.

2. In his brief in support of his enumerations of error, Henson alleges facts tending to show the coercive forces of the bank, including another very large indebtedness upon which Henson was secondarily liable. These facts do not appear anywhere in the record of the pending appeal. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. See *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88)." *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204) (1970). Accordingly, we will limit our consideration to the record before us.

3. We first examine Count 2 in Henson's complaint alleging breach of contract. We have considered the implied arguments that the notes are clear and unambiguous and are not subject to amendment by parol, or that a breach has occurred; the argument that Henson is estopped to urge breach of contract because by his conduct he has accepted changes in the terms; as well as the other arguments proffered by the parties in regard to this count. We are satisfied, however, that by his voluntary payment of the interest demanded by CB&T on a quarterly basis, as well as the voluntary payment of the entire indebtedness as demanded in May, 1975, Henson cannot demand the return of the interest based upon an alleged breach of contract. Where a party pays an illegal demand with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be

deemed voluntary, and cannot be recovered. And even if the party at the time of making the payment should file a written protest, this does not make the payment involuntary. *Strange v. Franklin,* 126 Ga. 715, 717 (55 SE 943) (1906); *Hoke v. City of Atlanta,* 107 Ga. 416, 420 (33 SE 412) (1899); *Savannah Savings Bank v. Logan,* 99 Ga. 291 (25 SE 692) (1895); *Crisler v. Bank of Canton,* 58 Ga. App. 485, 490 (199 SE 252) (1938); *Eibel v. Royal Indem. Co.,* 50 Ga. App. 206 (1) (177 SE 350) (1934). See also *Flanders v. Columbia Nitrogen Corp.,* 135 Ga. App. 21, 22 (217 SE2d 363) (1975). In this case, Henson not only did not file a written protest but he also consistently paid quarterly the interest rate charged by the bank for a period extending over several years. While Henson argues that the usurious nature of the interest charged circumvents the application of the rule precluding the recovery of voluntary payments, for the reasons shown hereinafter, the statute of limitation thwarts Henson's recovery of the interest based upon usury. Thus in this phase of the opinion, we are dealing only with an alleged breach of contract. Furthermore, Henson has not shown that there was an urgent necessity to pay the claim for interest to avoid the payment of attorney fees or to preclude the loss of other property or the loss of his own freedom. Henson had to know that the simple device of filing defensive pleadings and demanding the return of all interest because of usurious rates would have either indefinitely delayed or precluded the loss of his property. For the reasons stated there was no ground upon which Henson could recover the voluntarily paid interest; accordingly, the trial court did not err in dismissing Count 2 of the complaint.

4. In Counts 1 and 3 of the complaint, Henson alleged that CB&T violated the Truth in Lending Act (Count 1) and defamed him by erroneously alleging that he "wrongfully refused" to pay his just debts (Count 3). Henson admits that he did not file his complaint in the Superior Court of Muscogee County until more than one year had expired following the last alleged violation of the Truth in Lending Act and from the time that the alleged defamatory allegation had been published in CB&T's pleadings. Henson attempts to avoid the effect of the

statute of limitation imposed by the Truth in Lending Act, for actions involving torts directed to the reputation, as well as recovery of usurious interest, by reliance upon the Georgia Renewal Act, Code Ann. § 3-808. It is uncontested that the statute of limitation as to each of the mentioned causes of action is one year. See Section 130 of the Federal Truth in Lending Act (15 USCA § 1640); Code Ann. § 3-1004 concerning torts; and Code Ann. § 57-115, together with *Camp Lumber Co. v. Citizens Bank,* 142 Ga. 84 (2) (82 SE 492) (1914) concerning usury.

Though Henson questions the cogency of the reasoning in the cases, it is clear that the law of this state denies Henson the use of the renewal statute to toll the running of the statute of limitation. As was said in *Constitution Pub. Co. v. DeLaughter,* 95 Ga. 17 (21 SE 1000) (1894) in a discussion of the renewal statute, p. 18: "It seems to us to have been the manifest intention of the legislature that it should apply only to State courts, for in the act of 1847 it uses the words 'courts of this State,' meaning, in our opinion, courts created by the constitution and laws of this State. It confers a personal privilege upon suitors who bring their actions in courts . . . of the State having jurisdiction thereof, where such an action would otherwise be barred by the statute of limitations. While the act of 1856 and the code both leave out the words 'courts of this State,' we do not think the legislature or the codifiers intended to enlarge this privilege by conferring it upon suitors who commence their actions in the Federal courts." To the same effect, see *Webb v. Southern Cotton Oil Co.,* 131 Ga. 682 (63 SE 135) (1908); *Nevels v. Detroiter Mobile Homes,* 124 Ga. App. 112 (2) (183 SE2d 77) (1971); *Sherrill v. U. S. Fidelity &c. Co.,* 108 Ga. App. 591, 592 (133 SE2d 896) (1963); *Anderson v. Southern Bell Tel. & Tel. Co.,* 108 Ga. App. 314 (132 SE2d 820) (1963). These opinions represent an unbroken line of authority that the renewal statute does not apply to actions first commenced in a federal court. We are not persuaded that the logic of those opinions is incorrect even if we were free to disregard their legal precedence.

Henson further argues, however, that to deny him the application of the renewal statute is uncon-

stitutionally to deny him access to the federal courts for fear of losing his cause of action in the state courts, or to place too onerous a burden upon him by requiring simultaneous filing in both the state and federal jurisdictions. As to his first complaint dealing with constitutional implications, we decline to consider the argument. Though Henson was responding to a motion to dismiss his complaint which included the argument that his actions were barred by the statute of limitation, the record does not reflect that he ever raised the question of the constitutionality of the denial of the renewal statute as requested to be applied. Appellate courts exist for the correction of trial error, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224) (1958). Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762) (1971); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794) (1976); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676) (1974).

As to the second aspect of his argument, alleviation of the burden placed upon pleaders who seek relief from the necessity of filing in both federal and state courts is better addressed to the General Assembly than to this court.

We conclude that the trial court did not err in dismissing Counts 1 and 3 as we agree that each was barred by the applicable statute of limitation. Likewise, we add that because of the statute of limitation the trial court properly refused to allow Henson to seek recovery of alleged usurious payments both because of the voluntary nature of Henson's payments and because the sought-after remedy came too late.

5. Finally, Henson sought in Count 4 of his complaint the recovery of attorney fees and costs of litigation. Inasmuch as we have concluded that the other counts seeking to establish potential liability on the part of CB&T were properly dismissed, it follows that CB&T could not be held for attorney fees and costs of litigation. In this latter determination, we expressly decide that bringing suit on a demand note, which by its very nature is "past due" (see *Stephens v. Meyer,* 219 Ga. 734, 737 (135 SE2d 894) (1964)), is not a malicious use of process.

Furthermore, the use of the words "refuses to pay" follows the old "Jack Jones" form of pleadings which have been approved as being consistent with our modern notice pleadings. *Hunt v. Denby,* 128 Ga. App. 523 (13) (197 SE2d 489) (1973). CB&T did no more than it was entitled to do in view of the refusal of Henson to pay interest for a period of months. Lastly, we find that CB&T did not abuse the use of process by doing what it was entitled to do. All CB&T did was to seek the issuance of process upon a debt past due and upon which payments of interest were not being paid. CB&T did not pursue any legal remedies upon this process, there being no requirement for it to do so, inasmuch as Henson voluntarily paid the indebtedness before the suit could be pursued. It seems clear that for an abuse of process to occur, it is necessary not only that process issue but that it be used for an improper purpose. *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565) (1940); *Brantley v. Rhodes-Haverty Furniture Co.,* 131 Ga. 276, 281 (62 SE 222) (1908).

6. We have carefully examined each of the enumerations of error and the arguments in support thereof, and find no error in the dismissal of Henson's complaint. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 22, 1977 —

*Aultman, Hulbert, Daniel & Lawson, Tom W. Daniel, Henson & Cheves, Cecil M. Cheves, James E. Butler, Jr.,* for appellant.

*Page, Scrantom, Harris, McGlamry & Chapman, W. M. Page, Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., W. Rhett Tanner,* for appellee.

ON MOTION FOR REHEARING.

Appellant Henson urges that in our original decision, we made an unwarranted assumption, i.e., that no constitutional arguments were presented in the trial

court concerning the nonapplicability of the Georgia Renewal Statute to a case first brought in a federal court, there dismissed, and subsequently brought in this state's courts after the statute of limitation had run. Henson, to his motion for rehearing, has attached several affidavits showing that an oral argument based upon denial of due process was advanced in the trial court. Pretermitting whether such affidavits are properly before this court as a part of the record, we will give further consideration to the argument pertaining to the alleged lack of due process in the denial of the applicability of the renewal statute.

As originally noted, we reject the contention that this court can solve the problems caused by a requirement of dual filing of suits in the federal and state jurisdictions. We adhere to our position that this question is best submitted for resolution to the General Assembly rather than this court.

As to the lack of due process argument, we observe that appellant Henson had the choice of forums. He could have brought suit in either the federal courts or the courts of this state. See Bell v. Loosier of Albany, 137 Ga. App. 50, 59 et seq. (222 SE2d 839). Henson exercised the right available to him to seek redress in a federal court. In its defensive pleadings, CB&T asserted that pendent jurisdiction in a federal court was misplaced and that all but the truth in lending count was more properly to be adjudicated as state claims in a state court. This was a red flag of warning that the state claims might be in jeopardy and that in order to avoid the statute of limitation, Henson would be required to bring suit on those claims in the appropriate state forum. It took 18 months for the federal court to dismiss the state-oriented claims. By that time, the statute of limitation had run.

Henson's argument that the denial of the renewal statute under the circumstances chills a litigant from seeking redress in a federal court is without merit. There remains a full and uncircumscribed right to seek pendent jurisdiction of state claims in a federal court. If, however, there is danger that the statute of limitation might run on those state claims, the plaintiff should seek redress in the state courts to protect his interests. The law of this state for over eighty years has clearly decreed that the choice of

forums is the litigant's but that the renewal statute to toll the running of the statute of limitation is no protection if the litigant chooses the federal forum. *Constitution Pub. Co. v. DeLaughter,* supra.

Nor do we find merit in Henson's continued argument that CB&T is estopped to urge the statute of limitation inasmuch as CB&T urged before the federal court that the state-oriented claims should be brought in the state court. CB&T did not seek transfer but argued that the federal court should dismiss the state-oriented claims. Having prevailed in that argument, it is in nowise precluded from seeking further relief by arguing in the state court that Henson's claims are barred by the statute of limitation.

Having considered fully the motion for rehearing and having re-examined the merits of the original decision in light of the motion for rehearing, we deny that motion and adhere to our affirmance of the trial court.

*Motion for rehearing denied.*