**DIVERSIFIED MORTGAGE INVESTORS, a Massachusetts Business Trust, Plaintiff,**

v.

**GEORGIA–CAROLINA INDUSTRIAL PARK VENTURE, a partnership, Charles S. Ackerman, et al., Defendants.**

Civ. A. No. C76–2052A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 18, 1978.

Larry Esteridge, James Parham, Wyche, Burgess, Freeman & Parham, Greenville, S. C., Richard D. Elliott, Smith, Harman, Asbill, Roach & Nellis, Atlanta, Ga., for plaintiff.

Harvey G. Sanders, R. Frank Plaxco, Leatherwood, Walker, Todd & Mann, Greenville, S. C., Charles L. Gregory, Arnall, Golden & Gregory, Atlanta, Ga., for defendants.

ORDER

HAROLD L. MURPHY, District Judge.

This garnishment proceeding is based on a judgment obtained in the United States District Court for the District of South Carolina, Greenville Division. That judgment was rendered in favor of the plaintiff, Diversified Mortgage Investors ("Diversified"), against Robert N. Hatfield on November 22, 1976. On December 16, 1976, the judgment of the South Carolina District Court was registered in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the provisions of 28 U.S.C. § 1963, and this proceeding was commenced. Presently before the Court is the motion of the gar-

nishee-defendant, Ackerman & Company ("Ackerman"), to dismiss this garnishment proceeding.

The Federal Rules of Civil Procedure provide that the remedy of a garnishment proceeding in a district court for the satisfaction of a judgment is "available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought," subject to any applicable federal statute and the Federal Rules of Civil Procedure, Fed.R.Civ.P. 64, 69(a). Therefore the law of the State of Georgia determines the availability of the post-judgment garnishment sought in this proceeding.

The relevant statute governing the availability of post-judgment garnishment in Georgia provides as follows: "In all cases where a money judgment shall have been obtained in a court of this State, the plaintiff shall be entitled to the process of garnishment." Ga.Code Ann. § 46–101.

In support of its motion to dismiss, Ackerman argues that since the judgment on which this garnishment proceeding is based was not obtained "in a court of this State", the plaintiff is not entitled to the process of garnishment. This argument is well taken.

In determining the manifest intention of the Georgia legislature in restricting the application of the renewal statute, Ga.Code Ann. § 3–808, to apply only to State courts, the Georgia courts have consistently held that the words "courts of this State" meant "courts created by the constitution and laws of this State." Henson v. Columbus Bank & Trust Co., 144 Ga.App. 80, 84, 240 S.E.2d 284, 287 (1977). The effect of this interpretation has been that even where actions were first brought in a federal district court sitting in Georgia, the renewal statute did not apply.

The renewal statute confers a personal statutory privilege upon suitors who bring their actions in Georgia courts. Id. Likewise, garnishment proceedings in Georgia are purely statutory and cannot be extended to cases not enumerated in the statutes. Undercofler v. Brosnan, 113 Ga.App. 475, 148 S.E.2d 470 (1966). Given the similarities of these two statutes, the Court discerns no basis for saying that the Georgia Supreme Court would interpret the phrase "a court of this State" differently from the phrase "courts of this State". Therefore, the Court finds that the availability of garnishment proceedings under Georgia law is limited to proceedings based on judgments rendered by courts created by the constitution and laws of Georgia. Since the several federal district courts were not so created, the Court holds that under Georgia law as it now stands, no garnishment proceeding is available if it is based on a judgment obtained in a federal district court.

On this basis it appears that the Court lacks jurisdiction of the subject matter of this proceeding. Therefore, this garnishment proceeding should be dismissed in its entirety.

ACCORDINGLY, defendant Ackerman's motion to dismiss is GRANTED and the entire proceeding is DISMISSED *sua sponte* by the Court for lack of subject matter jurisdiction.