[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11578
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01501-CV-JEC-1

CAMAFEL BUILDING INSPECTIONS, INC.,
on behalf of itself and others similarly situated,

Plaintiff-Appellant
Cross-Appellee,

FILER & HAMMOND ARCHITECTS, INC.,
FORD, DEAN & MALLARD, P.A.,
on behalf of themselves and others similarly situated,

Plaintiffs-Counter-
Defendants-Appellants
Cross-Appellee,

versus

BELLSOUTH ADVERTISING & PUBLISHING
COMPANY,

Defendant,

BELLSOUTH ADVERTISING & PUBLISHING
CORPORATION,

Defendant-Counter
Claimant-Appellee
Cross-Appellant.

Appeals from the United States District Court
for the Northern District of Georgia

**(October 28, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This is a punitive class action seeking refunds of purported advertising "overpayments" to BellSouth Advertising & Publishing Corporation ("BAPCO"), due to Hurricane Wilma's alleged disruption of the initial hand distribution of the 2005-2006 Miami-area BellSouth Real Yellow Pages. Camafel Building Inspections, Inc., Filer & Hammond Architects, Inc., and Ford, Dean, & Mallard, P.A., on behalf of themselves and others similarly situated (collectively, "Appellants"), appeal the district court's entry of summary judgment in favor of BAPCO on Appellants' breach of contract claims. The Appellants also contest a number of other rulings made by the district court, including the denial of class certification, but they do not petition this court for review of any of these rulings; instead the Appellants ask this court to remand the case for further consideration should we overturn the district court's summary judgment decision.

In the event that we reverse the district court's dismissal of Appellants' claims, BAPCO conditionally cross-appeals the district court's dismissal of its counterclaims.

We review a district court's order granting summary judgment *de novo*, reviewing the evidence in the light most favorable to the party opposing the motion. *See Patrick v. Floyd Med. Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).

After reviewing the record and reading the parties' briefs, we conclude that the district court properly granted summary judgment to BAPCO on the Appellants' breach of contract claims. Georgia law[1] deems voluntary any payments made with knowledge of all material facts and disallows recovery of such payments unless certain statutory exceptions are met. O.C.G.A. § 13-1-13. The record contains undisputed evidence that the Appellants had knowledge of all the facts material to their current claims when they made the payments at issue in this case, and the Appellants do not argue that they meet any of the statutory exceptions to the voluntary payment doctrine.

Instead, the Appellants maintain that their payments were not voluntary because they were made pursuant to a contractual obligation. As the district court

---

[1]The parties agree that Georgia law applies to the Appellants' claims pursuant to the choice of law provisions in the contracts governing the parties' relationships.

noted, Georgia courts regularly apply the voluntary payment doctrine to contractually mandated payments. *See, e.g., Yeazel v. Burger King Corp.*, 241 Ga. App. 90, 97-101, 526 S.E.2d 112, 119-21 (1999); *Henson v. Columbus Bank & Trust Co.*, 144 Ga. App. 80, 82-83, 240 S.E.2d 284, 286-87 (1977). The Appellants also raise two new arguments on appeal: that BAPCO is required to show prejudice to retain the protection of the voluntary payment doctrine and that BAPCO has somehow waived its ability to invoke the voluntary payment doctrine because of the litigation positions it has taken. These arguments, in addition to being untimely, are without merit.

Having found that the district court properly granted summary judgment on the Appellants' claims, we decline the Appellants' invitation to remand the case for further consideration. The Appellants have not directly appealed the district court's denial of class certification; therefore, that decision stands.

Because we affirm the district court's dismissal of Appellants' claims, we do not reach BAPCO's conditional cross-appeal.

**AFFIRMED.**