**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 11, 2013**

# In the Court of Appeals of Georgia

A13A1582. STOKES et al. v. HILL et al.

MCFADDEN, Judge.

Ruth Stokes, individually and as administrator of her husband's estate, appeals the grant of summary judgment to defendants Tim Hill and Barry Kirby in her action for the wrongful death of her husband. Because Stokes had previously exercised her right to the one – and only one – renewal of the action outside the statute of limitation authorized by OCGA § 9-2-61 (a), she could not invoke that statute to save the instant lawsuit. The instant lawsuit therefore is barred by the statute of limitation, and we must affirm. We must affirm notwithstanding that the second dismissal was by a United States District Court in the exercise of his discretion not to exercise supplementary jurisdiction over Stokes's state claims after disposition of her federal

claims – and notwithstanding the federal court's stated expectation that the case would proceed in state court.

On February 26, 2008, while he was incarcerated at the Floyd County Jail, Stokes's husband was killed by another inmate. Defendants Hill and Kirby were jail personnel at the time. On February 26, 2010, Stokes filed a complaint against Hill, Kirby and others for the wrongful death of her husband. Her motion to voluntarily dismiss the action was granted on March 26, 2010, after the two-year statute of limitation for wrongful death actions had run. See *Miles v. Ashland Chemical Co.*, 261 Ga. 726, 727 (410 SE2d 290) (1991) (two-year statute of limitation is applicable to wrongful death claims).

On September 24, 2010, Stokes filed a second complaint, this time in federal court, asserting claims for her husband's death against Hill, Kirby and others. All but one defendant (the inmate who killed Stokes's husband) moved for summary judgment. On June 27, 2011, the federal court granted the defendants' motion, dismissing all of Stokes's claims that were based on federal law. The court declined to exercise supplementary jurisdiction over Stokes's state law claim, dismissing it without prejudice.

On December 16, 2011, Stokes filed a third complaint, the instant action, in superior court against Hill and Kirby. The trial court granted the defendants' motion for summary judgment, finding that Stokes's complaint was time barred. Stokes filed this appeal.

In order for the December 16, 2011 complaint to be timely, Stokes must rely on OCGA § 9-2-61, the renewal statute. "OCGA § 9-2-61 (a) authorizes the renewal of a dismissed action within the applicable statute of limitation or within six months of the dismissal, whichever is later. If the dismissal occurs after the limitation period has expired, however, 'this privilege of renewal shall be exercised only once.' OCGA § 9-2-61 (a)." *Shy v. Faniel*, 292 Ga. App. 253, 254 (1) (663 SE2d 841) (2008).

The March 26, 2010 grant of Stokes's motion for voluntary "dismissal . . . occurr[ed] after the expiration of the applicable period of limitation." OCGA § 9-2-61 (a). Accordingly, under the plain language of the statute, Stokes could exercise the privilege of renewal outside the statute of limitation only once. She did so when she filed her second complaint on September 24, 2010; she could not again exercise the privilege of renewal to save the third complaint filed on December 16, 2011.

Stokes argues that her third complaint was permissible under the authority of *Crawford v. Kingston*, 316 Ga. App. 313 (728 SE2d 904) (2012). But in that case,

3

unlike here, the second complaint was never served upon the defendant. It therefore was void and did not count as a renewal, and the third complaint was the first renewal outside the statute of limitation. Id. at 316-317 (2).

Stokes also points to the district court's language in his dismissal order that Stokes could "re-file [the state] claim in state court within six months after the date of this Order." That statement, unessential to resolving the issues before the district court, is merely dicta. And to the extent the statement is not dicta, it cannot expand the jurisdiction of the Georgia state courts under Georgia law. *Corvair Furniture Mfg. Co. v. Bull*, 125 Ga. App. 141 (3) (186 SE2d 559) (1971) ("A ruling of a [f]ederal [d]istrict [c]ourt is not binding on this court, and . . . will not be followed where to do so would run counter to the rules of procedure provided for this court by statutory or constitutional provisions, or by binding court decisions."). Cf. *Mitchell v. State*, 265 Ga. App. 192, 194 (593 SE2d 388) (2004) (federal district court could not order a second appeal in state court, when such is not allowed under Georgia law).

In *Henson v. Columbus Bank & Trust Co.*, 144 Ga. App. 80, 86-88 (240 SE2d 284) (1977), we declined to relax the strictures of the renewal statute on the ground that the dismissal was due to the federal court's decision not to exercise pendent jurisdiction over the state law claims. Rejecting the plaintiff's claim of unfairness, we

4

observed that a plaintiff has "a full and uncircumscribed right to seek pendent jurisdiction of state claims in a federal court. If, however, there is danger that the statute of limitation might run on those state claims, the plaintiff should seek redress in the state courts to protect his interests." Id. at 87. *Henson* applied a former version of the renewal statute, which did not give the right to renew after dismissal by a federal court. See id. at 84 (4). Although the reasons the plaintiff in *Henson* and Stokes could not re-file differ -- in *Henson* because the then-applicable renewal statute did not apply to dismissals in federal courts, and here because Stokes already once has availed herself of the right of renewal -- the principle is the same: the fact that the prior suit was dismissed by the federal court which declined to exercise supplementary jurisdiction does not change the analysis regarding the application of the renewal statute.

This is Stokes's second dismissal. Her first dismissal, which was voluntary, was granted on March 26, 2010, outside the statute of limitation. The instant lawsuit is Stokes's second attempt at renewal and her third complaint, and it is untimely. "[T]he renewal statute explicitly states that it may be used only once if the dismissal occurs after the expiration of the applicable statute of limitation, and there is no dispute that both dismissals in this case occurred after the expiration of the applicable

statute of limitation." *White v. KFC Natl. Mgmt. Co.*, 229 Ga. App. 73, 75 (493 SE2d 244) (1997). Accordingly, the trial court properly granted the defendants summary judgment, and we affirm.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*